Filed 9/29/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CITY OF VALLEJO,<br><br>　　　　Plaintiff and Appellant,<br><br>v.<br><br>NCORP4, INC., et al.,<br><br>　　　　Defendants and Respondents. | A149907<br><br>(Solano County<br>Super. Ct. No. FCS046993) |

The City of Vallejo (Vallejo or city) appeals from the denial of its request for a preliminary injunction to enjoin the operation of a medical marijuana dispensary within the city. The trial court concluded that the city's ordinance conferring limited immunity for the operation of such a dispensary conditioned on the prior payment of a business tax imposes an unconstitutional ex post facto condition and therefore may not be enforced. We disagree and therefore shall reverse the order.

**Background**

Vallejo's zoning code does not recognize medical marijuana dispensaries as a permitted land use within city limits. (Vallejo Mun. Code, §§ 16.06.010-16.06.630.) An unpermitted use is declared to be "a public nuisance." (*Id.*, § 16.100.040.) Vallejo recently adopted Ordinance No. 1715 granting limited immunity to those medical marijuana dispensaries that meet various requirements, including the past payment of local business taxes. (*Id.*, §§ 7.100.010, 7.100.080(A)(3).)

Defendant NCORP4, Inc. (NCORP4), doing business as Nature's Love Collective, is a nonprofit corporation operating a medical marijuana dispensary in Vallejo. Defendants Marc Hewitt and Gerome Tango manage the business. Vallejo denied NCORP4's application for limited immunity for failure to pay taxes, among other reasons, but the dispensary continues to operate. The city brought this action to enjoin the

1

dispensary as a public nuisance. The trial court denied the city's request for a preliminary injunction, concluding that the ordinance improperly conditions immunity upon past payment of business taxes.

## Marijuana Laws

Federal law prohibits the use, possession, manufacture and sale of marijuana. (*City of Riverside v. Inland Empire Patients Health & Wellness Center, Inc.* (2013) 56 Cal.4th 729, 738-739 (*City of Riverside*); see generally 21 U.S.C. § 801 et seq.) A number of states, including California, have less restrictive marijuana laws. In 1996, the voters of California adopted an initiative measure permitting medicinal use and, in 2004, the Legislature enacted a statute to enhance access to medicinal marijuana. (*City of Riverside, supra,* at p. 739.) In 2016, the voters approved Proposition 64 legalizing marijuana for recreational use by adults, subject to various conditions. (See, e.g., Health & Saf. Code, §§ 11358-11359.)

While permitting the use of marijuana, California law "does not thereby *mandate* that local governments authorize, allow, or accommodate the existence of" marijuana dispensaries. (*City of Riverside, supra,* 56 Cal.4th at p. 759.) " 'Land use regulation in California historically has been a function of local government.' " (*Id.* at p. 742.) "A county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws." (Cal. Const., art. XI, § 7.) State law permitting medicinal marijuana use and distribution does not preempt "the authority of California cities and counties, under their traditional land use and police powers, to allow, restrict, limit, or entirely exclude facilities that distribute medical marijuana, and to enforce such policies by nuisance actions." (*City of Riverside, supra,* at p. 762.) The same principle applies to recreational marijuana use, as Proposition 64 expressly provides that state regulations do not "limit the authority of a local jurisdiction to adopt and enforce local ordinances to regulate" marijuana dispensaries "or to completely prohibit" their "establishment or operation." (Bus. & Prof. Code, § 26200, subd. (a)(1).)

**Vallejo's Ordinances**

Vallejo has several ordinances affecting the operation of medical marijuana dispensaries. The starting point is its zoning ordinance, which predates state medical marijuana laws. Vallejo's zoning ordinance provides an extensive list of permitted land uses and prohibits all other uses. (Vallejo Mun. Code, §§ 16.06.010-16.06.630.) An unpermitted use is declared to be "a public nuisance." (*Id.*, § 16.100.040.) Vallejo has never recognized medical marijuana dispensaries as a permitted land use. A marijuana dispensary is not a designated land use and, therefore, is an unpermitted nuisance. (*Id.*, §§ 16.06.010-16.06.630, 16.100.040; see *City of Corona v. Naulls* (2008) 166 Cal.App.4th 418, 433 [enjoining operation of a medical marijuana dispensary upon finding that "where a particular use of land is not expressly enumerated in a city's municipal code as constituting a *permissible* use, it follows that such use is *impermissible*"].)[1]

In 2011, Vallejo city officials studied the impact of medical marijuana establishments and possible regulatory responses. On May 24, 2011, city officials presented a report on the matter to the mayor and city council.[2] The report noted that marijuana dispensaries were not permitted under the city's zoning ordinance but were, nonetheless, "proliferat[ing]." The report proposed a combined regulatory and taxation approach. Noting a lack of financial resources to enforce land use restrictions, a local marijuana tax was recommended as an initial step. "A business license tax would have the sole purpose to raise revenue for municipal purposes and would not be intended to regulate, sanction, condone or authorize any activity connected with the possession and

---

[1] NCORP4 made no effort to distinguish *City of Corona v. Naulls, supra,* 166 Cal.App.4th 418 in its briefing on appeal. At oral argument, NCORP4's counsel suggested the case is inapplicable, apparently based on the assertion that Vallejo allowed marijuana dispensaries to operate in the past so that the city should be equitably estopped from prosecuting dispensaries as unpermitted nuisances. No claim of equitable estoppel was raised in the briefing on appeal and, in any event, the record fails to support such a claim. (*County of Sonoma v. Rex* (1991) 231 Cal.App.3d 1289, 1295.)

[2] We grant Vallejo's April 3, 2017 unopposed request for judicial notice of this report. (Evid. Code, § 452, subds. (c), (h).)

3

distribution of marijuana, unless otherwise authorized by both state and federal law." The city council decided to seek voter approval of an ordinance taxing marijuana businesses.

In November 2011, the voters approved Measure C, entitled "Vallejo Marijuana Business License Tax Measure."[3] The measure enacted an ordinance taxing gross receipts from the cultivation and sale of marijuana within the city. The "City Attorney's Impartial Analysis of Measure C" advised the voters that the proposed measure would tax marijuana businesses but "does not legalize or otherwise permit marijuana businesses in Vallejo." The argument in favor of Measure C, written by several city councilmembers, said "Nearly twenty marijuana businesses are operating in the City of Vallejo, and are not being taxed or regulated. . . . [¶] The passage of this business license tax is the first necessary step in taxing and regulating these businesses. The city is currently working on separate ordinances to control and limit the number of marijuana businesses."

Measure C expressly states that it "is enacted solely to raise revenue for municipal purposes and is not intended for regulation." (Vallejo Mun. Code, § 5:05:010.) Nothing in the measure "shall be deemed to repeal, amend, be in lieu of, replace or in any way affect any requirements for any license or permit required by . . . any other ordinance of the city" (*id.*, § 5.05.200) nor does "payment of a business license tax" entitle "any person to carry on any marijuana business unless the person has complied with all of the requirements" of Vallejo's municipal code and "all other applicable laws" (*id.*, § 5.05.220). Measure C provides that it "may be repealed or amended by the city council without a vote of the people" but "voter approval is required for any amendment provision that would increase the rate of any tax" beyond 10 percent. (*Id.*, § 5.05.640.)

Measure C imposes financial penalties for delinquency. (Vallejo Mun. Code, § 5.05.290.) It makes any amount owed a debt to the city subject to civil enforcement (*id.,* § 5.05.540), declares any violation of its requirements a misdemeanor (*id.,* § 5.05.600), and makes the remedies and penalties it imposes cumulative (*id.*, § 5.05.630). The business tax was implemented in March 2012. (*Id.*, § 5.05.250(C).)

---

[3] The record contains portions of the Solano County November 8, 2011 sample ballot and voter information pamphlet, of which the trial court took judicial notice. (Evid. Code, § 451, subd. (c).) We take judicial notice of the entire document.

4

The business tax was suspended in February 2015. The city council found there had been a "proliferation of medical marijuana dispensaries" and that "accepting taxes from those engaged in an activity that is not lawful under the city's land use regulations tends to confuse the public as to the city's policy and undermines enforcement of the city's land use controls." The city undertook to draft an ordinance limiting the number of dispensaries before reinstating the tax.

In July 2015, the city council adopted Ordinance No. 1715, which is the ordinance at issue on this appeal.[4] The council determined there were more than 40 medical marijuana businesses operating in the city despite being a prohibited use under the zoning ordinance. The council declared: "the city wishes to resume collection of marijuana tax and also address the continued proliferation of unauthorized medical marijuana dispensaries in the city by accepting tax from, and granting limited immunity from enforcement of its prohibition on medical marijuana dispensaries under the Vallejo Municipal Code to, those medical marijuana dispensaries that meet certain criteria, until the number of medical marijuana dispensaries is reduced to no more than four . . . ."

The council chose "limited civil immunity" as "a vehicle that will allow those existing medical marijuana dispensary operators that have obtained tax certificates and paid their quarterly taxes" to operate. Ordinance No. 1715 provides that a medical marijuana dispensary is, and remains, an unpermitted land use under the zoning ordinance (Vallejo Mun. Code, § 7.100.030) but "a limited immunity shall be available and may be asserted as an affirmative defense to enjoin activity" otherwise prohibited by the zoning ordinance (*id.*, § 7.100.050).

Ordinance No. 1715 provides that no medical marijuana dispensary may operate within the city unless specified requirements are met or the city manager determines that a requirement cannot be met due to circumstances beyond the operator's control. (Vallejo Mun. Code, § 7.100.080.) There are numerous requirements. As relevant here, a medical marijuana dispensary operator must provide proof that the dispensary (1) was issued a tax

_____

[4] NCORP4 requests judicial notice of an earlier ordinance that was adopted, suspended, and replaced by Ordinance No. 1715. The unopposed June 19, 2017 request is granted.

certificate and operated in the city before April 23, 2013 (when a moratorium on dispensary business licenses was imposed) (*id.*, § 7.100.080(A)(1)-(3), & 5); and (2) "paid quarterly taxes from the date of opening until the City ceased accepting tax in February 2015" (*id.*, § 7.100.060). An existing dispensary that fails to meet these requirements "shall receive no limited immunity and [shall] be deemed an illegal public nuisance." (*Id.,* § 7.100.130.)

### Complaint for Public Nuisance and Injunctive Relief

In May 2016, Vallejo sued to enjoin operation of the medical marijuana dispensary operated by NCORP4. Months earlier, NCORP4's request for limited immunity under Ordinance No. 1715 had been denied because the company had not paid all taxes due from the start of its operation in 2011 through February 2015, among other reasons.[5] The trial court issued ex parte a temporary restraining order and an order to show cause why a preliminary injunction should not be issued.

In August 2017, following briefing and a hearing, the trial court dissolved the temporary restraining order and denied Vallejo's motion for a preliminary injunction. The court found that Ordinance No. 1715 improperly amended Measure C by increasing the penalty for nonpayment of taxes: "What the city did, in enacting its 2015 amendment to the ordinances enacting the initiative, was to apply a new and different type of penalty to businesses who had failed to pay the marijuana business tax in 2012 and 2013. It amounts to in essence an ex post facto law, making activity that was legal at the time committed (or at least subject to very limited penalties) suddenly and retroactively illegal (or subject to greater and much different penalties)." (Italics omitted.) The court concluded: "to the extent that the city's action here is premised fundamentally on this dispensary's failure to have timely paid the marijuana business tax in 2012 and 2013, its likelihood of prevailing on injunctive relief is insufficient to support the issuance of a preliminary injunction." Vallejo filed a timely notice of appeal.

---

[5] NCORP4 did not file a writ of mandate challenging the city's action. (Code Civ. Proc., § 1085.) In the trial court, the city maintained that it's denial of immunity was a purely discretionary act not reviewable by writ. We express no opinion on the matter.

**Discussion**

"In determining whether to issue a preliminary injunction, the trial court considers: (1) the likelihood that the moving party will prevail on the merits and (2) the interim harm to the respective parties if an injunction is granted or denied." (*Sahlolbei v. Providence Healthcare, Inc.* (2003) 112 Cal.App.4th 1137, 1145.) "Generally, the standard of review for denial of a preliminary injunction is whether the trial court committed an abuse of discretion. However, a party's likelihood of prevailing on the merits sometimes can be determined as a matter of law. [Citations.] In that case, de novo review as to that factor is proper." (*Id.* at pp. 1145-1146.) Further, "when reviewing the interpretation and application of a statute where the ultimate facts are undisputed" an appellate court exercises its independent judgment in determining whether issuance or denial of injunctive relief was proper. (*In re Loveton* (2016) 244 Cal.App.4th 1025, 1043.)

The central issue on appeal concerns the interpretation and application of Ordinance No. 1715. The ordinance provides that medical marijuana dispensaries are a public nuisance but grants immunity from prosecution to those dispensaries that have consistently paid business taxes and meet other requirements. (Vallejo Mun. Code, §§ 7.100.030, 7.100.050, 7.100.060, 7.100.080(A).) NCORP4 has operated a medical marijuana dispensary in Vallejo since 2011 but has paid almost no Measure C marijuana business taxes. It made a single payment in April 2012 but made no other payments from that date through February 2015, when Vallejo suspended collection of the tax. In its application for immunity, NCORP4 offered to pay delinquent taxes and penalties. Vallejo denied NCORP4's application and seeks to enjoin its operations.

Vallejo contends that it may lawfully preclude operation of a medical marijuana dispensary that has a history of unpaid taxes. The city argues that Ordinance No. 1715 does not, as the trial court held, impermissibly amend Measure C's tax provisions to increase the penalty for nonpayment of taxes but simply "limits the many aspirants to sell medical marijuana in the city to a manageable number by preferring those who have demonstrated a willingness and ability to comply with local law by paying the Measure C

7

tax when the city enforced it . . . and to continue paying taxes as a condition of immunized operation."

We agree. As noted earlier, land use regulation is a function of local government. (*City of Riverside, supra,* 56 Cal.4th at p. 742.) State law permitting medicinal marijuana use and distribution does not preempt "the authority of California cities and counties, under their traditional land use and police powers, to allow, restrict, limit, or entirely exclude facilities that distribute medical marijuana, and to enforce such polices by nuisance actions." (*Id.* at p. 762.)

Local governments may rationally limit medical marijuana dispensaries to those already in operation and compliant with prior law as past compliance shows a willingness to follow the law, which suggests future lawful behavior. (*420 Caregivers, LLC v. City of Los Angeles* (2012) 219 Cal.App.4th 1316, 1335-1338.) In *420 Caregivers,* the appellate court upheld a Los Angeles ordinance restricting dispensaries to those that had been in operation for several years and had registered under a prior ordinance. (*Id.* at pp. 1326-1328.) The court characterized the ordinance as "essentially a 'grandfather provision' with the added gloss of a prior registration requirement." (*Id.* at p. 1335.) The court rejected an equal protection challenge, noting that "[i]n areas of social or economic policy not involving suspect classifications or fundamental rights, a statute must be upheld so long as there is any reasonably conceivable set of facts that provides a 'rational basis' for the classification." (*Id.* at pp. 1333-1334.) The court observed that "[s]o-called 'grandfather provisions' have routinely withstood equal protection challenges, both at the federal and state levels" (*id.* at p. 1335) and found no constitutional infirmity in the added requirement of prior registration. Those dispensaries' willingness to register under the prior law "provided the City with a rational basis to conclude that they would continue to act in a law-abiding manner going forward." (*Id.* at p. 1338.)

NCORP4 fails to address *420 Caregivers, LLC v. City of Los Angeles, supra,* 219 Cal.App.4th 1316 in its briefing and we see no basis for distinguishing it.[6] A dispensary's

---

[6] At oral argument, NCORP4 attempted to distinguish *420 Caregivers, LLC v. City of Los Angeles, supra,* 219 Cal.App.4th 1316 based on the fact that the Los Angeles ordinance,

8

timely payment of business taxes provides Vallejo with a rational basis to conclude that the dispensary will continue to act in a law-abiding manner. NCORP4, which did not pay its business taxes, was reasonably denied immunity to continue operations.

There is no merit to NCORP4's argument that Vallejo's regulatory ordinance impermissibly amended Measure C's tax provisions. Initially, "[t]he ex post facto clauses of both the state and federal Constitutions apply only to criminal statutes punishing conduct committed prior to their enactment." (*Melton v. City of San Pablo* (1967) 252 Cal.App.2d 794, 804.) The constitutional prohibition on ex post facto laws is inapplicable to local ordinances regulating the operation of medical marijuana dispensaries. (*Santa Barbara Patients' Collective Health Coop. v. City of Santa Barbara* (C.D. Cal. 2012) 911 F.Supp.2d 884, 896-897.)

Moreover, Ordinance No. 1715 did not amend Measure C's tax provisions by retrospectively increasing the measure's penalty provisions. The civil penalty for nonpayment of taxes remains what it has always been, a financial penalty calculated as a percentage of unpaid taxes. (Vallejo Mun. Code, § 5.05.290.) Ordinance No. 1715 is a separate ordinance that uses past compliance with Measure C as one of several standards for granting dispensaries immunity from prosecution as a public nuisance. (Vallejo Mun. Code, § 7.100.080(A)(3).) Regulatory systems commonly consider compliance with other laws when authorizing business operations. (E.g., Bus. & Prof. Code, §§ 6060 [to practice law, attorneys must "[b]e of good moral character"]; 26057, subd. (b)(1) [state license to operate marijuana business may be denied for failure to comply with regulations].)

In arguing there was an "unlawful amendment of Measure C," NCORP4 contends that the tax measure permits a delinquent taxpayer to cure its default with payment of back taxes, penalties and interest. NCORP4 argues that Ordinance No. 1715 "revokes"

_____

unlike the Vallejo ordinance, allowed dispensaries to cure past tax defaults and remain entitled to operate. But that aspect of the Los Angles ordinance was not at issue in the case. At issue was the ordinance's provision limiting dispensaries to those that had registered under a prior ordinance, and the failure to have previously registered could not be cured. The ordinance was upheld, thus supporting the conclusion that a city may rationally limit dispensaries to those compliant with prior law.

9

this curative provision by denying "immunity to an applicant who is otherwise ready, willing and able to meet his past-due tax obligations." The argument misconstrues Measure C. The failure to pay taxes under Measure C has never been capable of cure by the simple expediency of tendering late payment. A person violating Measure C is "guilty of a misdemeanor" (Vallejo Mun. Code, § 5.05.600) and may be prosecuted even if late payment is made (*id.*, § 5.05.590). In any event, Ordinance No. 1715 does not preclude late payment of taxes but limits immunity to those medical marijuana dispensaries that "paid quarterly taxes from the date of opening until the city ceased accepting tax in February 2015." (*Id.*, § 7.100.080(A)(3).) NCORP4 did not pay taxes "from the date of opening" but only proffered payment years later when applying for immunity. (*Ibid.*)

NCORP4 notes that other cities allow medical marijuana dispensaries to continue operations if they pay past tax obligations. Vallejo does not dispute the point but counters that it is not "alone in using past compliance with local tax laws to limit the number of dispensaries."[7] These are choices properly consigned to local authorities, which are "endowed with wide-ranging discretion" in formulating land use policy. (*DeVita v. County of Napa* (1995) 9 Cal.4th 763, 781-782.)

## Disposition

The order denying the city's motion for a preliminary injunction is reversed. The matter is remanded to the trial court with directions to issue a preliminary injunction and to conduct further proceedings consistent with the views expressed in this opinion. The city shall recover costs on appeal upon timely application in the trial court. (Cal. Rules of Court, rule 8.278.)

---

[7] We grant Vallejo's July 10, 2017 unopposed request for judicial notice of other city ordinances.

 

                                        _____

                                        Pollak, Acting P.J.

We concur:


_____

Siggins, J.


_____

Jenkins, J.


A149907

Trial court:                      Solano County Superior Court

Trial judge:                      Honorable Paul L. Beeman

Counsel for plaintiff and appellant:      COLANTUONO, HIGHSMITH & WHATLEY, PC
Michael G. Colantuono
David J Ruderman
Jon R. di Cristina

CITY OF VALLEJO
Claudia M. Quintana
Donna Mooney

Counsel for defendants and respondents:      LAW OFFICE OF SCOT CANDELL
Scot Candell

A149907