Filed 3/5/18; Certified for Publication 3/28/18 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| URGENT CARE MEDICAL SERVICES, et al., <br><br>     Plaintiffs and Appellants, <br><br>     v. <br><br> CITY OF PASADENA, <br><br>     Defendant and Respondent. | B277827 <br><br> (Los Angeles County Super. Ct. No. BC610250) |
| THE CITY OF PASADENA et al., <br><br>     Plaintiffs and Respondents, <br><br>     v. <br><br> MEDICAL CANNABIS CAREGIVERS INSTITUTE et al., <br>     Defendants and Appellants. | B277868 <br><br> (Los Angeles County Super. Ct. No. BC552019) |

APPEAL from judgments of the Superior Court of Los Angeles County, M, Judge.  Affirmed.

Stanley Howard Kimmel for Urgent Care and Medical Cannabis Caregivers Institute.

Michelle Beal Bagneris, Pasadena City Attorney, John W. Nam, Pasadena Assistant City Attorney; Colantuono, Highsmith & Whatley, Michael G. Colantuono, David J. Ruderman and Jon R. diCristina for the City of Pasadena.

## INTRODUCTION

The City of Pasadena filed a nuisance abatement action against several businesses and individuals related to medical marijuana dispensaries, which are prohibited by the Pasadena Municipal Code (PMC).  The defendants in that action later filed a lawsuit against the City of Pasadena, and the two cases were deemed related.  In each of the two actions, the trial court granted Pasadena's request for injunctions, prohibiting defendants from operating their medical marijuana dispensaries in Pasadena.  The defendants appealed from each order, and we consolidated the appeals.

On appeal, defendants assert three main arguments: that the relevant Pasadena Municipal Code ordinance sections do not render medical marijuana dispensaries a nuisance per se, one relevant ordinance section was not properly enacted, and counsel for Pasadena lacked authorization to bring the actions.  We disagree on each point, and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 9, 2015, Pasadena and the People of the State of California (collectively, Pasadena) filed a second amended

2

complaint seeking injunctive relief and nuisance abatement.[1] Because this appeal arises from multiple superior court cases, we will refer to the action initiated by Pasadena as the injunction action. Pasadena named the following parties as defendants: Medical Cannabis Caregivers Institute, Good Leaf Collective, Landmark Research Collective, Liz McDuffie, Sunny Chan, Shaun Szameit, Karen Pike, Urban Farms Delivery, Liz McDuffie/Szameit Trust, and Pasadena ECB Mall, LLC. Golden State Collective was included as a defendant in the body of the complaint, but not listed on the title page. Pasadena's complaint alleged that defendants were the owners, occupiers, and/or users of certain commercial properties that were "using the land and premises as a medical marijuana dispensary. The use of land and premises for a medical marijuana dispensary is prohibited by the Zoning Code of the City of Pasadena." The complaint alleged that the use of the properties was in violation of various sections of the PMC, and was a nuisance per se and a public nuisance. Pasadena asked that defendants' actions be abated and enjoined.

On December 23, 2015 Pasadena moved ex parte for a temporary restraining order and preliminary injunction prohibiting defendants from violating the PMC's Zoning Code by "operating a prohibited use, to wit, a medical marijuana dispensary . . . . Specifically, to provide, make available, or distribute medical marijuana to a primary caregiver, a qualified patient, or a person with an identifications [*sic*] card issued in accordance with California Health and Safety Code Section 11362.5 et seq." Pasadena asserted that PMC section 17.80.020M

---

[1] Earlier versions of the complaint are not in the record on appeal. The superior court case summary included in the record indicates that the case was initially filed on July 23, 2014.

defined "medical marijuana dispensary (land use)" and within that definition stated, "This use is prohibited in the City of Pasadena." Pasadena also stated that "Section 17.78.060A of the Zoning Code states in pertinent part that any use contrary to the code is unlawful and a public nuisance." Pasadena also noted that other PMC sections defined violations of the PMC as nuisances.

Pasadena's application was supported by the declarations of David Reavis, a sergeant with the Pasadena Police Department, and Luis Lopez, an investigator for the city attorney/city prosecutor's office. Both Reavis and Lopez stated that marijuana was being sold on the premises named in the injunction application.

Defendants opposed the ex parte application for an injunction. They argued that the application was not supported by sufficient evidence because the Reavis and Lopez declarations contained hearsay. Defendants also argued there was no showing of immediate and irreparable harm. In addition, defendants asserted that Pasadena could not demonstrate a likelihood of success on the merits because the relevant Pasadena ordinance 7018, which was eventually codified as PMC section 17.80.020, "was not adopted consistent with state law: no proper noticed hearing occurred, the matter was continued in violation of the Pasadena municipal code, and the substance was not addressed by the Planning Commission."

Defendants' opposition was supported by the declaration of defendants' attorney, Stanley H. Kimmel. Kimmel stated that the Planning Commission proposed a revision to the Zoning Code to define medical marijuana dispensaries on January 26, 2005. The Planning Commission then forwarded that recommendation

4

to the City Council, which noticed a hearing on the issue, but continued the hearing several times.  Kimmel stated that the hearing regarding the proposed rule was eventually held on July 18, 2005, and that the hearing was included in the agenda for the meeting on that date.  Kimmel argued that the schedule for adoption of the ordinance violated hearing and notice requirements in the PMC.  Kimmel also asserted that the initial language defined "medical marijuana dispensary," but did not ban such a land use.  Kimmel said that ordinance 7018, which included language prohibiting medical marijuana dispensaries, was adopted without a required public hearing in September 2005.  Although Kimmel quoted several documents throughout his declaration, such as City Council agenda statements, none of the documents is included as an exhibit.

On February 16, 2016, in a separate lawsuit, defendants and several others[2] sued Pasadena and Pasadena mayor Terry Tornek seeking declaratory and injunctive relief.  We will refer to this as defendants' action.  Defendants' complaint alleged that customers of the marijuana dispensaries had serious medical issues and benefited from cannabis products.  Defendants alleged that Pasadena was improperly enforcing the PMC ban on medical marijuana dispensaries.  Defendants' complaint also alleged that PMC section 17.80.020M, defining a medical marijuana dispensary, was not enacted in compliance with relevant laws, and therefore was void.  Defendants requested, in part, a

---

[2] The plaintiffs listed in this complaint are Urgent Care Medical Services, Inc.; Robert Zohrabyan; Isaac Moreno Alfaro; Shaun Szameit; Peter Giron; Golden State Collective; Hallmark Research Collective; Urban Farms Delivery; Kevin Huebner; Mike Boonthawesuk; Nu Remedy Collective; Lotus Entertainment Corp.; and Jesse Boggs.

5

declaration stating that the PMC does not ban medical marijuana dispensaries.  Defendants also filed a notice of related cases for Pasadena's injunction action and two additional cases.  The superior court deemed the cases related and assigned them to the same judge.

On March 1, 2016, Pasadena filed its reply to defendants' opposition in the injunction action. Pasadena noted that defendants did not refute that defendants are operating medical marijuana dispensaries in the City of Pasadena.  Pasadena further argued that it employs "permissive zoning," which means that if a land use is not specifically listed in the Zoning Code, it is prohibited.  Because a medical marijuana dispensary was not listed as an allowed use in the Zoning Code, such a use was not allowed.  In 2005, Pasadena added the definition of a medical marijuana dispensary to the PMC by enacting section 17.80.020M.  Pasadena pointed out that because the ordinance was adopted in 2005, defendants' challenge to it was time-barred because "facial challenges to zoning provisions are subject to the 90-day limitation period" under Government Code section 65009, subdivision (c)(1)(B).  Pasadena also stated that the City Council authorized the actions to abate illegal medical marijuana dispensaries.

In the injunction action, Pasadena filed a supplemental brief in support of its motion for an injunction on March 14, 2016. Pasadena noted that a hearing was held on March 2, and "at that time the defendants . . . raised the question whether the City had authority to initiate the instant lawsuit."[3]  The court asked for supplemental briefing.  Pasadena stated that according to the

---

[3] The record on appeal does not include a transcript from this hearing.

PMC, "An injunction and an abatement proceeding require authorization from the City Council." It stated that the City Council authorized the initiation of two legal actions during its closed session meeting on July 21, 2014. Pasadena also submitted a declaration attaching a public report of action, stating that in 2014 the City Council "authorized and directed the City Attorney to initiate civil abatement actions, to include injunction, abatement proceeding, and/or nuisance abatement, against illegal marijuana dispensaries operating in the City."

The court granted Pasadena's motion for a preliminary injunction on April 4, 2016. The injunction prohibited defendants from "providing, making available, or distributing medical marijuana to a primary caregiver, a qualified patient, or a person with an identification card . . . and/or allowing such activity to occur on their property." The order was stayed and vacated for reasons not relevant to the issues on appeal. The court signed a modified preliminary injunction on September 14, 2016.

Meanwhile, on April 28, 2016, Pasadena cross-complained in defendants' action, seeking injunctive relief and nuisance abatement. On July 15, 2016, Pasadena filed a motion for a preliminary injunction in defendants' action. Defendants noted that there already was a preliminary injunction in place affecting many of the defendants. However, Pasadena was seeking an additional injunction because "medical marijuana dispensaries are trying to circumvent the preliminary injunctions already issued by either renaming the dispensary or allowing other dispensaries to occupy and use their location."

Defendants opposed Pasadena's motion, arguing that Pasadena failed to demonstrate a likelihood of success on the merits and failed to present evidence to support a balance-of-the-

7

harms analysis. Defendants also argued that the City Council did not authorize the filing of a request for an injunction. Defendants further contended that Pasadena failed to demonstrate that the businesses met the definition of a nuisance.

On September 14, 2016, the court granted Pasadena's motion for a preliminary injunction in defendants' action. On September 20, 2016, defendants filed a notice of appeal in defendants' action. The following day, defendants filed a notice of appeal in the injunction action.

## STANDARD OF REVIEW

"Pursuant to longstanding Supreme Court case law, 'trial courts should evaluate two interrelated factors when deciding whether or not to issue a preliminary injunction. The first is the likelihood that the plaintiff will prevail on the merits at trial. The second is the interim harm that the plaintiff is likely to sustain if the injunction were denied as compared to the harm that the defendant is likely to suffer if the preliminary injunction were issued.' [Citation.] We review a trial court's application of these factors for abuse of discretion. [Citation.]." (*ITV Gurney Holding Inc. v. Gurney* (2017) 18 Cal.App.5th 22, 28-29.) In addition, "questions underlying the preliminary injunction are reviewed under the appropriate standard of review. Thus, for example, issues of fact are subject to review under the substantial evidence standard; issues of pure law are subject to independent review." (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1136-1137.)

"[W]here a legislative body has specifically provided injunctive relief for a violation of a statute or ordinance, a showing by a governmental entity that it is likely to prevail on

8

the merits should give rise to a presumption of public harm." (*IT Corp. v. County of Imperial* (1983) 35 Cal.3d 63, 71.)

## DISCUSSION

"In 1996, the voters of California adopted an initiative measure permitting medicinal use [of marijuana] and, in 2004, the Legislature enacted a statute to enhance access to medicinal marijuana. [Citation.] In 2016, the voters approved Proposition 64 legalizing marijuana for recreational use by adults, subject to various conditions. (See, e.g., Health & Saf. Code, §§ 11358-11359.)" (*City of Vallejo v. NCORP4, Inc.* (2017) 15 Cal.App.5th 1078, 1081.) "State law permitting medicinal marijuana use and distribution does not preempt 'the authority of California cities and counties, under their traditional land use and police powers, to allow, restrict, limit, or entirely exclude facilities that distribute medical marijuana, and to enforce such policies by nuisance actions.'" (*Id.*, at pp. 1081-1082.) The parties agree that in general, a municipality such as Pasadena has the authority to prohibit facilities that distribute medical marijuana.[4]

Defendants, however, argue that PMC's efforts to prohibit facilities that distribute medical marijuana fail for three reasons.

---

[4] For the first time at oral argument, counsel for defendants asserted that in *City of Riverside v. Inland Empire Patients Health and Wellness Center, Inc.* (2013) 56 Cal.4th 729, the Supreme Court held that state marijuana laws did not permit a municipality to implement a "total ban" on medical marijuana dispensaries. This is incorrect. In *City of Riverside*, the Court stated that state marijuana law "neither . . . expressly or impliedly preempts the authority of California cities and counties, under their traditional land use and police powers, to allow, restrict, limit, *or entirely exclude* facilities that distribute medical marijuana, and to enforce such policies by nuisance actions." (*Id.* at p. 762 [emphasis added].)

9

First, defendants assert that the PMC does not sufficiently state that a medical dispensary is a nuisance, thus precluding a finding of nuisance per se.  Second, defendants contend that PMC section 17.80.020M was not adopted pursuant to required procedures.  Third, defendants claim that the actions against it were not properly authorized by the City Council as required by the PMC.  Defendants argue that due to these deficiencies, the trial court erred by finding that Pasadena made a showing that it would prevail on the merits at trial.  We address each of these arguments below.

## A.     The PMC states that medical marijuana dispensaries are not permitted, and that non-permitted uses are a nuisance.

Defendants argue that the trial court erred by granting Pasadena's motions and issuing the injunctions because "there is no substantial evidence of a city ordinance which explicitly declares that a medical marijuana dispensary is a nuisance." Defendants assert that such an explicit declaration is required in order to deem any land use a nuisance per se, citing *Beck Development Co. v. Southern Pacific Transportation Co.* (1996) 44 Cal.App.4th 1160 (*Beck*).  In that case, the court stated, "The concept of a nuisance per se arises when a legislative body with appropriate jurisdiction, in the exercise of the police power, expressly declares a particular object or substance, activity, or circumstance, to be a nuisance."  (*Id.* at p. 1206.)

Defendants assert that PMC section 17.80.020M sets forth only a definition of a medical marijuana dispensary, and does not constitute an "express declaration" that such a use is a nuisance. They also contend that other PMC sections "that in general state that any violation of any provision of the PMC is a nuisance is

10

not an express declaration" that a medical marijuana dispensary is a nuisance.

We disagree. Defendants cite no authority for their contention that a finding of nuisance per se must be based on a single statute as opposed to a statutory scheme. Here, the PMC states that medical marijuana dispensaries are a nuisance, albeit though multiple ordinance sections.

PMC section 17.80.020M states in part, "Medical Marijuana Dispensary (land use). A facility or location which provides, makes available or distributes medical marijuana to a primary caregiver, a qualified patient, or a person with an identification card issued in accordance with California Health and Safety Code Section 11362.5, et seq. This use is prohibited in the City of Pasadena."[5]

Pasadena asserts that it employs a permissive zoning system, in that the "zoning regime prohibits any land use that is not specifically enumerated in the Zoning Code." PMC section 17.21.030(A) states that "uses of land allowed by this Zoning Code in each zoning district are listed" in tables included in the PMC Zoning Code. That section continues, "Land uses that are not listed in tables or are not shown in a particular zoning district are not allowed . . . ." (PMC 17.21.030(A)(1).) Medical marijuana dispensaries are not listed in tables or otherwise allowed in the PMC.

PMC section 17.78.060(A)(3) states that "[a]ny use or structure which is altered, constructed, converted, enlarged,

---

[5] Pasadena submitted a request for judicial notice attaching relevant parts of the PMC. Defendants did not oppose the motion. Pasadena's request to judicially notice relevant portions of the PMC is granted.

11

erected, established, installed, maintained, moved, operated, set up, or used contrary to the provisions of this Zoning Code . . . is hereby declared to be unlawful and a public nuisance . . . and shall be . . . [s]ummarily abated by this City."

The PMC therefore states that medical marijuana dispensaries are not permitted, and non-permitted uses are nuisances. This was sufficient to support the trial court's finding that the dispensaries constituted nuisances per se. "[W]here the law expressly declares something to be a nuisance, then no inquiry beyond its existence need be made and in this sense its mere existence is said to be a nuisance per se." (*Beck, supra*, 44 Cal.App.4th at p. 1207; see also *City of Monterey v. Carrnshimba* (2013) 215 Cal.App.4th 1068, 1086 ["An act or condition legislatively declared to be a public nuisance is "'a nuisance per se against which an injunction may issue without allegation or proof of irreparable injury.'"'].) Defendants have cited no authority in support of their position that a nuisance must be enumerated in a single ordinance section in order to be deemed a nuisance per se, and we have found none.

Defendants argue that Pasadena's permissive zoning structure is insufficient to establish a nuisance per se, because "[p]ermissive zoning by definition creates only a presumed prohibition, but not an explicit legislative determination that the use in question, medical marijuana dispensary, is a nuisance." Pasadena asserts that courts have recognized permissive zoning as a valid method of prohibiting dispensaries. Pasadena is correct. For example, in *City of Monterey v. Carrnshimba, supra,* 215 Cal.App.4th at p. 1095, the Court of Appeal held that the municipality's permissive zoning code, combined with a code section stating that all unauthorized uses were nuisances,

12

established that the dispensary at issue was a nuisance per se. (*Ibid*.) Other cases also have found that permissive zoning sufficiently bars the establishment of medical marijuana dispensaries. (See, e.g., *The Kind and Compassionate v. City of Long Beach* (2016) 2 Cal.App.5th 116, 128 [a permissive zoning scheme meant that the dispensaries "never had a vested property right to operate a medical marijuana dispensary in the city"]; *City of Corona v. Naulls* (2008) 166 Cal.App.4th 418, 433 ["where a particular use of land is not expressly enumerated in a city's municipal code as constituting a permissible use, it follows that such use is impermissible"]; *City of Claremont v. Kruse* (2009) 177 Cal.App.4th 1153, 1165 [where the "Claremont Municipal Code expressly states that a condition caused or permitted to exist in violation of the municipal code provisions may be abated as a public nuisance," the "operation of a nonenumerated and therefore expressly prohibited use . . . created a nuisance per se."].)

Defendants also argue that the trial court erred because "Pasadena shows neither nuisance conduct nor an explicit declaration by the City Council that a medical marijuana dispensary is a nuisance." However, "'[n]uisances per se are so regarded because no proof is required, beyond the actual fact of their existence, to establish the nuisance.'" (*City of Costa Mesa v. Soffer* (1992) 11 Cal.App.4th 378, 382.) Here, defendants did not dispute that they operate medical marijuana dispensaries, and the PMC stated that medical marijuana dispensaries are not allowed and therefore a nuisance. Thus, there was no need for additional evidence or any determination of facts regarding whether the dispensaries created a nuisance.

13

Because defendants operated medical marijuana dispensaries, which was prohibited, and the PMC states that the operation of a prohibited use is a nuisance, the trial court did not abuse its discretion by finding that the dispensaries were nuisances per se under the PMC.

**B.  Adoption of Ordinance 7018**

Defendants argue that ordinance 7018 was adopted "in conflict with general laws" because the PMC and the Government Code require notice and a hearing.  They argue that the insufficiency in public notice also violated PMC section 17.76.040.[6]  They assert, without citation to any evidence, that "no Public Notice of the 9/12/2005 City Council hearing was given, and no Public Hearing was held."

Pasadena asserts that defendants' challenge to the procedural enactment of section is time barred:  "Legislative decisions, such as zoning ordinances like Ordinance 7018, are subject to the 90-day limitations period that run from the date the ordinance was adopted."  Defendants do not address this argument; they did not file a reply brief, and although Pasadena

---

[6] Neither a 2005 version or a current version of PMC section 17.76.040 appears in the record.  However, the current version of PMC section 17.76.040(C) states, "If a hearing cannot be completed on the scheduled date, the presiding review authority, before the adjournment or recess of the hearing, may continue the hearing by publicly announcing the date, time, and place to which the hearing will be continued.  A hearing may be continued two times in a 90-day period.  After two continuances or a 90-day period, the hearing shall be renoticed in accordance with Chapter 17.76 (Public Notice)." (https://library.municode.com/ca/pasadena/codes/code_of_ordinan ces?nodeId=TIT17_ZONING_CODE_ART7ZOCOAD_CH17.76PU HE_17.76.020NOHE)

14

made this argument in the trial court, defendants did not address it in their opening brief.

Government Code section 65009, subdivision (c)(1)(B) states, "[N]o action or proceeding shall be maintained in any of the following cases by any person unless the action or proceeding is commenced and service is made on the legislative body within 90 days after the legislative body's decision: . . . . To attack, review, set aside, void, or annul the decision of a legislative body to adopt or amend a zoning ordinance."

The parties agree that ordinance 7018 was adopted in 2005, and that it amended the PMC zoning ordinance. Because defendants did not challenge ordinance 7018 within the 90-day period allowed by Government Code section 65009, subdivision (c)(1)(B), their procedural challenge is time-barred.

## C.    Authorization by the City Council

Defendants assert that Pasadena's initiation of legal action against defendants was not authorized by the City Council, as required by the PMC. They argue that "absent an order of the Council, an application for injunctive relief is not permitted." PMC section 17.78.110(a)(1) states, "The City Attorney, upon order of the Council, may apply to the Superior Court for injunctive relief to terminate a violation of this Zoning Code."

Defendants acknowledge that the City Council has approved the actions against them, citing documents submitted with Pasadena's supplemental briefing. City Council meeting minutes from July 21, 2014, states that the City Council had a conference with legal counsel, and authorized the initiation of two legal actions. A "Council Meeting Recap" of the February 29, 2016 meeting notes several pending cases, and states, "City Council reiterated the direction given on July 21, 2014 to initiate

15

civil abatement actions against illegal marijuana dispensaries, and gave direction to initiate additional civil abatement actions." (Capitalization removed.) A document dated March 9, 2016, titled "Public Report of Action Taken by the City Council of the City of Pasadena," states that on July 21, 2014, the City Council "authorized and directed the City Attorney to initiate civil abatement actions, to include injunction, abatement proceeding, and/or nuisance abatement, against illegal marijuana dispensaries operating in the City." The Public Report continues, "In accordance with said authority and direction, the City Attorney has initiated actions for injunctive relief and nuisance abatement," and lists several superior court case numbers, including the case number for the injunction action. The Public Report also states, "On February 29, 2016, the City Council, in closed session, by a vote of 8-0, reiterated the authority and direction given on July 21, 2014." Two days later, An "[A]mended Public Report of Action Taken by the City Council of the City of Pasadena," dated March 11, 2016, included one additional case number. Both the Public Report and the amended Public Report were signed by assistant city attorney Frank Rhemrev.

Defendants argue that the documents showing City Council authorization are "a self-serving fiction created by a city attorney who was not present at either meeting." Other than criticizing the evidence, however, defendants give no indication that the City Council did not approve the initiation of the legal actions at issue here. Defendants' arguments are unpersuasive.

Defendants contend that according to the roll call at the City Council meeting on July 21, 2014, Rhemrev was not present at that meeting. Defendants do not contend that the City Council minutes of July 21, 2014 are incorrect regarding the initiation of

16

the legal actions.  The minutes state that the injunction action was authorized, and defendants have provided no evidence to the contrary.  The February 29, 2016 meeting recap reiterates that such actions were authorized, and defendants also do not contend that this document is incorrect.  Rhemrev's presence at the City Council meeting in 2014 is not relevant to whether the injunction action was authorized by City Council.

Defendants also argue that the March 2016 Public Reports are unreliable because the case numbers were not assigned at the time of the 2014 authorization, and "[t]he City Council could not have referenced actions by case numbers not yet assigned." However, those documents are dated and signed in March 2016, and merely state the actions that were taken in 2014 and afterward.  The documents do not purport to be written before case numbers were assigned.  Thus we find no fault with the fact that the documents written in 2016 include case numbers that were assigned after the July 21, 2014 authorization.

In short, defendants have not set forth any persuasive arguments that the legal actions here were not authorized by the City Council.  To the contrary, the evidence shows that City Council did authorize the actions.  Defendants have therefore failed to demonstrate that the trial court abused its discretion by finding that the actions here were authorized by the City Council.

## DISPOSITION

The order issuing the injunction is affirmed.  The City of Pasadena is entitled to its costs on appeal.


COLLINS, J.

We concur:


EPSTEIN, P. J.


WILLHITE, J.

Filed 3/28/18

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| URGENT CARE MEDICAL SERVICES, et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> CITY OF PASADENA, <br><br> Defendant and Respondent. | B277827 <br><br> (Los Angeles County Super. Ct. No. BC610250) <br><br><br> ORDER CERTIFYING OPINION FOR PUBLICATION |
| THE CITY OF PASADENA et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> MEDICAL CANNABIS CAREGIVERS INSTITUTE et al., <br> Defendants and Appellants. | B277868 <br><br> (Los Angeles County Super. Ct. No. BC552019) <br><br> ORDER CERTIFYING OPINION FOR PUBLICATION |

THE COURT*

The opinion in the above-entitled matter filed on March 5, 2018, was not certified for publication in the Official Reports.  Good cause appearing, it is ordered that the opinion in the above-entitled matter be published in the official reports.

_____

∗EPSTEIN, P.J.                    WILLHITE, J                    COLLINS, J.

2