Filed 3/30/21  P. ex. rel., City Attorney of the City of San Jose v. Revere Group, LLC CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE ex rel., CITY ATTORNEY OF THE CITY OF SAN JOSE et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> REVERE GROUP, LLC et al., <br><br> Defendants and Appellants. | H046087 <br> (Santa Clara County <br> Super. Ct. No. CV320176) |

A Rastafarian church in San Jose provided marijuana to its members, in violation of an ordinance that allows marijuana distribution only if an entity is registered with the city as a cannabis business.  The city sued for public nuisance and the trial court issued a preliminary injunction ordering the church to stop distributing marijuana.  In this appeal, the church initially contended the trial court erred in issuing the preliminary injunction for several reasons, chiefly that the city's restrictions on marijuana distribution unconstitutionally infringe on the free exercise of religion.  At oral argument, counsel for the church explicitly abandoned the free exercise argument.  We reject the appellants' remaining contentions and will affirm the order granting the preliminary injunction.

## I.  BACKGROUND

California changed its marijuana laws in 2016, from allowing marijuana solely for medical purposes to allowing it for adult recreational use as well.  (*City of Vallejo v. NCORP4, Inc.* (2017) 15 Cal.App.5th 1078, 1081; Health & Saf. Code, § 11362.1,

subd. (a)(1).) In keeping with that change, the City of San Jose amended its land use regulations, which had permitted limited distribution of medical marijuana, to also allow nonmedical distribution. The city regulates both kinds of distribution through a registration system.

The San Jose Municipal Code requires registration to distribute, transfer, or sell marijuana in the city. (San Jose Municipal Code (SJMC) § 6.88.300.) Registration is accomplished by filing a registration form, paying the required fees, and receiving a notice of completed registration from the city manager. (SJMC § 6.88.300(A).) Not everyone is eligible to register, however. In fact, almost no one is: only businesses the city had previously approved to distribute medical marijuana—there are 16 of them— may even apply. (SJMC § 6.88.300(E).)

Coachella Valley Church is a Rastafarian church in San Jose.[1] In the Rastafarian religion, marijuana is a sacrament. The church holds services on Sundays where marijuana is offered to and used by attendees. The church also sells marijuana to its members. On the first floor, there are display cases with various marijuana products; a price list is posted on the wall. After filling out a membership application and becoming a church member, a person can purchase marijuana. The church advertises on weedmaps.com, a website that bills itself as "the most reliable online resource to find cannabis storefronts."

In the spring of 2017, the San Jose code enforcement department started receiving complaints about marijuana being sold at the church. A code enforcement officer who

---

[1] The city disputes that Coachella Valley Church is a legitimate religious organization, asserting it is not coincidental that the same property was previously home to an unregistered medical marijuana dispensary called "Amsterdam's Garden," and the church was founded only after the city sued to enjoin operation of that dispensary. But since resolving that factual dispute is not necessary to decide the issues presented by this appeal, we will assume the church is a legitimate entity.

inspected the property confirmed marijuana was offered for sale there and that the church was not registered with the city as a cannabis business.

The city sued for abatement of public nuisance, alleging the church was violating the municipal code by distributing marijuana without being properly registered. Named as defendants were the church and a number of other individuals and entities alleged to be either owners of the property or otherwise involved with the marijuana distribution. The city also sought a preliminary injunction to prevent any of the defendants from distributing marijuana during the lawsuit.

The trial court granted preliminary injunctive relief, prohibiting all defendants from distributing marijuana on church property or allowing the property to be used in any way that constitutes a public nuisance. The church and two other defendants, property owners Revere Group, LLC and Tsars, LLC, appeal the injunction.

## II. DISCUSSION

A preliminary injunction is a provisional remedy designed to prevent irreparable harm during the time it takes to determine the merits of a lawsuit. Since the moving party has not yet proven its case, a trial court deciding whether to issue a preliminary injunction must seek to minimize the harm an erroneous interim decision may cause. (*IT Corp. v. County of Imperial* (1983) 35 Cal.3d 63, 73.) The court must consider "two interrelated factors: (1) the likelihood that the plaintiff will prevail on the merits, and (2) the relative balance of harms that is likely to result from the granting or denial of interim injunctive relief." (*White v. Davis* (2003) 30 Cal.4th 528, 554.) In a case like this one, where the plaintiff is a government entity seeking to enjoin illegal activity, it is presumed that the harm to the public from the statutory violation outweighs the harm to the defendant from the injunction. (*IT Corp. v. County of Imperial*, *supra*, at p. 72.) As a result, unless "the defendant shows that it would suffer grave or irreparable harm from the issuance of the preliminary injunction," the court need not examine the relative harms to the parties. (*Ibid.*)

3

The appellate standard of review for a preliminary injunction depends on what kind of error the appellant contends the trial court made. "[F]actual findings made by the trial court must be accepted if supported by substantial evidence, the decision to issue a preliminary injunction is reviewed for an abuse of discretion, and questions of law are reviewed de novo." (*People ex rel. Feurer v. FXS Management, Inc.* (2016) 2 Cal.App.5th 1154, 1159.) Since the issues raised by the church and property owners are questions of law, our review here is de novo.

## A. THE ORDINANCE DOES NOT VIOLATE EQUAL PROTECTION

The church contends the ordinance allowing only previously registered medical marijuana dispensaries to distribute marijuana violates the constitutional guarantee of equal protection of the laws. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." (*City of Cleburne v. Cleburne Living Ctr.* (1985) 473 U.S. 432, 439.) "The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." (*Id*. at p. 440.) (A more demanding standard applies if the classification is inherently suspect, such as by race or gender.) (*Ibid*.)

We presume the ordinance is valid and we look to the record to discern whether the city has articulated a rational basis for the preferential treatment of existing medical marijuana dispensaries. The church argues that the city's sole justification for enacting the ordinance is reducing the administrative burden of processing application paperwork from potential registrants. The church is incorrect on that point. The city's stated reason for limiting distributors to previously approved medical marijuana dispensaries is that the dispensaries have shown an ability to comply with the numerous regulations in the municipal code for marijuana distribution businesses (such as background checks for employees and maintaining detailed transaction records), and have a demonstrated

4

history of not adversely affecting neighboring property. The city has decided that allowing only existing medical marijuana dispensaries to distribute marijuana will lower the risk of noncompliance with regulations and make marijuana distribution less likely to cause a health and safety problem. The city's reasoning is rational.

The church questions the wisdom of the city's legislative decision, arguing that allowing more cannabis distributors would be an overall benefit to the city because they would generate more tax revenue. But merely pointing out that a different legislative decision with different policy goals could also rationally have been made does not render this decision irrational.

The church also complains that the ordinance allows only a small number of entities to reap what it asserts are the lucrative monetary benefits associated with distributing marijuana, and that no one else can obtain a distribution license unless an existing licensee does not reapply or is denied an annual renewal. But the church neither explains how that violates the equal protection clause nor cites any authority suggesting it does. Having found a rational basis for the ordinance, we conclude there is no equal protection violation in granting registration preference to previously authorized distributors.

### B. THE INJUNCTION DOES NOT VIOLATE DUE PROCESS

The owners of the property where the church is located contend that the injunction, which prohibits them from " 'making marijuana available at the Subject Property for any purpose,' " violates their constitutional right to due process. (U.S. Const., 14th Amend.) The property owners argue it is impossible for them to comply with the injunction because they "cannot be subject to an injunction regulating the actions of the Church." But the argument ignores that the injunction directly prohibits the property owners, in addition to the church, from distributing marijuana. The property owners have not articulated why it is not possible for *them* to comply with an order that *they* not distribute marijuana. There is no due process violation.

5

### C.  THE INJUNCTION DOES NOT IMPOSE CRUEL OR UNUSUAL PUNISHMENT

The property owners contend that prohibiting them from distributing marijuana constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.  They argue that the Eighth Amendment prevents prosecution for a criminal offense defined by one's status rather than one's conduct.  (See *Robinson v. California* (1962) 370 U.S. 660, 666.)  But there has been no criminal prosecution; this is an appeal from a preliminary injunction in a civil enforcement action.  The municipal code does make maintaining a public nuisance a misdemeanor, as does state law. (SJMC § 1.08.010(A); Pen. Code, § 372.)  Rather than prosecute the property owners for a misdemeanor, the city elected to pursue civil enforcement.  The resulting preliminary injunction does not derive from prosecution for any crime, status or otherwise.

### D.  UNREGISTERED MARIJUANA DISTRIBUTION IS A NUISANCE PER SE UNDER THE MUNICIPAL CODE

The church and the property owners contend that the city has not shown a likelihood of prevailing in its action for abatement of a public nuisance because the church is not creating a nuisance.  They argue that providing marijuana to the church's 600 members does not substantially and unreasonably interfere with collective social interests, which is how a public nuisance is generally defined.  (See, e.g., *People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1104.)  But the church and property owners ignore the concept of nuisance per se, the theory under which the city proceeds here.

"[A] a nuisance per se arises when a legislative body with appropriate jurisdiction, in the exercise of the police power, expressly declares a particular object or substance, activity, or circumstance, to be a nuisance."  (*Beck Development Co. v. Southern Pacific Transport Co.* (1996) 44 Cal.App.4th 1160, 1206–1207.)  Generally a nuisance is defined as "[a]nything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property[.]  …  This requires consideration and balancing of a variety of factors.

6

[Citations.] However, where the law expressly declares something to be a nuisance, then no inquiry beyond its existence need be made and in this sense its mere existence is said to be a nuisance per se." (*Ibid.*)

The San Jose Municipal Code provides that violation of the ordinance regulating cannabis distribution is a nuisance. (SJMC § 6.88.820 ["as a nuisance per se, any violation of this Chapter shall be subject to injunctive relief"].) The city has shown that the church has violated the relevant code provisions, which is all that is required for a nuisance per se.

### E. THE INJUNCTION IS NEITHER VAGUE NOR OVERBROAD

The church and property owners contend that the injunction is too vague to comply with, and overbroad because it is a general command to obey the law. In particular, they take issue with the injunction's order to refrain from "operating, conducting, using, or occupying the subject property, or in any way permitting the operation, use, or occupation of the subject property, as a public nuisance pursuant to the San Jose Municipal Code."

An injunction must be sufficiently precise to give persons of ordinary intelligence fair notice of what conduct is forbidden. (*People ex rel. Gallo v. Acuna*, *supra*, 14 Cal.4th 1090, 1115.) That standard is satisfied by the order prohibiting use of the property in a way that the San Jose Municipal Code has declared to be a nuisance. Further, it is not a command to simply obey all laws, which would be impermissible because it would allow contempt proceedings for any new violation, without regard to the original allegations. It is instead an order to "restrain the person from committing similar or related unlawful activity," which is permissible. (*City of Redlands v. County of San Bernardino* (2002) 96 Cal.App.4th 398, 416.)

7

### III. DISPOSITION

Appellants' and respondents' requests for judicial notice are denied, as the proffered documents are unnecessary to resolve the appeal. (See *People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422, fn. 2.)

The order granting a preliminary injunction is affirmed. Respondents are awarded costs on appeal.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Danner, J.

**H046087 – *The People ex rel., City Attorney of the City of San Jose et al. v. Revere Group, LLC et al.***