Filed 9/9/24  Zuo v. Select CAL Physical Therapy CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| WENQIAN ZUO,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>SELECT CAL PHYSICAL THERAPY, P.C.,<br><br>    Defendant and Respondent. | H051913<br>(Santa Clara County<br> Super. Ct. No. 23CV411810) |

Wenqian Zuo, representing herself, appeals from a judgment of dismissal after an order sustaining a demurrer without leave to amend.  In her complaint, Zuo alleged that physical therapy treatments and exercises she received from Select CAL Physical Therapy, P.C., doing business as Select Physical Therapy (Select), to treat a frozen shoulder caused nerve and muscle injury.  Select demurred, and the trial court sustained the demurrer with leave to amend.  Zuo amended her complaint, and Select again demurred.  The trial court sustained Select's demurrer of the amended complaint without further leave to amend, ruling that the statute of limitations for medical malpractice (Code Civ. Proc., § 340.5)[1] barred Zuo's sole cause of action.

For the reasons set forth below, we affirm the judgment.

[1] Unspecified statutory references are to the Code of Civil Procedure.

# I. FACTS AND PROCEDURAL BACKGROUND

A. *Allegations in the Complaint and Amended Complaint*[2]

Zuo's complaint and amended complaint alleged that in December 2018 she worked in a factory and suffered a work-related shoulder injury, leading to a frozen left shoulder. She has not been employed since her injury.

In May 2019, Zuo had surgery on her left shoulder. Zuo alleged that she had only the following injuries prior to commencing physical therapy: "a torn supraspinator muscle, inflammation on both [d]eltoid and [s]upraspinatus, [and] a depressed sub-[c]romial space." Prior to undergoing physical therapy, Zuo felt weakness in her left arm and shoulder and pain on her left side when turning while lying down.

Zuo had two physical therapy sessions with Select in June 2019. She alleged that, although physical therapy was "pretty effective" and helped release her frozen shoulder, "[o]ne of [the] physical therapy exercises caused strong pain." Zuo alleged that she only did "light housework" after leaving her job at the factory and receiving physical therapy. Zuo believed that the physical therapy "damage[d]" her deltoid muscle and the back of her left shoulder. She alleged that, even though she "knew the torn [d]eltoid was from [p]hysical [t]herapy before," it was difficult for her to ascertain the additional damage "caused" by physical therapy.

---

[2] Our summary of the facts is drawn from the allegations in Zuo's complaint filed on March 6, 2023, and her amended complaint filed on July 26, 2023. "In reviewing a ruling sustaining a demurrer without leave to amend, we assume the truth of the properly pleaded factual allegations and the matters properly subject to judicial notice." (*Committee for Sound Water & Land Development v. City of Seaside* (2022) 79 Cal.App.5th 389, 393–394.) We do not, however, assume the truth of " ' "contentions, deductions or conclusions of fact or law." ' " (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.) The record indicates that the trial court took judicial notice of Zuo's answers to form interrogatories. However, this document does not appear in the record before us, and we do not rely on it.

Zuo alleged that in early 2022 she began to feel back and neck strain, which led her to undergo an X-ray in February[3] and an MRI in May. She alleged the May 2022 MRI showed unspecified damage to her deltoid and her "back of shoulder muscle."

B. *Procedural Background*

On March 6, 2023, Zuo filed a complaint against Select and submitted a letter to the trial court seeking the court's assistance. The court treated her filing as a complaint alleging medical malpractice. In her complaint, Zuo alleged that one of the physical therapy exercises she did in 2019 caused "strong pain" in her deltoid muscles and "back of shoulder muscle" and that those muscles "gradually die[d]." To explain her delay in filing the complaint, she stated that she had been waiting for the result of a worker's compensation claim because she hoped worker's compensation would pay for "most of" or "all" of her expenses related to her shoulder injuries. She noted that her employer and insurance were "still refus[ing] to compensate" her "[a]fter more than 3 years['] effort."

Select demurred, asserting that Zuo's complaint was time-barred because it had been more than three years since she received the physical therapy treatments she claimed caused her injuries (§ 340.5). Zuo did not file an opposition to Select's demurrer. The trial court sustained the demurrer but granted Zuo leave to amend her complaint.

Zuo timely filed an amended complaint. She alleged that she had had physical therapy in June 2019 and, although she found the treatments effective for addressing her frozen shoulder, they caused damage to her deltoid muscles and to the back of her left shoulder. Although she acknowledged that she "knew the torn [d]eltoid was from [p]hysical [t]herapy before," she alleged that she did not file her complaint until 2023 because she "did not realize" the extent of her injuries until she received X-ray and MRI

---

[3] In her appellate brief, Zuo asserts that the February 2022 X-ray showed she had dead pectoralis minor nerves. Zuo's complaint does not contain this information.

3

results in February and May 2022 and thereafter conducted "intense study" on the Internet.

Select again demurred. Select asserted the amended complaint was barred by the statute of limitations (§ 340.5), failed to state a cause of action (§ 430.10, subd. (e)), and was uncertain (§ 430.10, subd. (f)). Select requested the trial court sustain the demurrer without leave to amend because Zuo "demonstrated an inability to properly amend her [c]omplaint."

Zuo filed an opposition to the demurrer, a subsequent letter, and two additional filings. Zuo argued that the statute of limitations should not be calculated from June 2019 because, although she knew physical therapy had caused a torn deltoid, she was not aware until later that it had caused further damage, namely, a torn supraspinatus muscle and a tilted shoulder blade. Due to preexisting pain in her shoulder, she assumed that the pain she experienced was the result of the injury she sustained at work and not because of physical therapy. She stated that she did not understand the medical imaging results at that time and suggested that her doctors either did not explain the results to her or did not provide explanations sufficient for her to understand the results. Zuo claimed that she only deduced that physical therapy caused her injury after conducting "intense study [on the] [I]nternet" and acknowledged that expert analysis is required to determine whether physical therapy by Select in fact caused her injuries.

On December 13, 2023, the trial court issued a written order sustaining Select's demurrer without leave to amend. The court determined that, based on the allegations in her amended complaint, Zuo suffered her injuries during physical therapy in June 2019. The court based its conclusion on Zuo's "repeated[] state[ments] that she suffered extreme pain during the exercises," which it characterized as "the moment [Zuo] discover[ed] the harm caused by the alleged negligence." The court decided that, under case authority such as *Hills v. Aronsohn* (1984) 152 Cal.App.3d 753 (*Hills*), *Garabet v. Superior Court* (2007) 151 Cal.App.4th 1538 (*Garabet*), and *McNall v. Summers* (1994)

4

25 Cal.App.4th 1300 (*McNall*), the statute of limitations "is not measured from when [Zuo] began to think it was the physical therapy that caused the pain, but when she first experienced that pain in June 2019." The court found that the statute of limitations had run on Zuo's claim of medical malpractice. (§ 340.5.) The court sustained the demurrer without leave to amend because "[l]eave to amend should not be granted when the pleadings show that the action is barred by the statute of limitations." (*Save Lafayette Trees v. City of Lafayette* (2019) 32 Cal.App.5th 148, 154 (*Save Lafayette Trees*).) On January 19, 2024, the court entered a judgment dismissing Zuo's action without prejudice. Zuo timely appealed the judgment.[4]

## II. DISCUSSION

We understand Zuo to contend on appeal that the trial court erred in sustaining Select's demurrer because the statute of limitations for medical malpractice had not run when she filed her amended complaint. She argues that her cause of action is not time-barred because she did not discover (1) the cause of her torn supraspinatus muscle until August 2023; (2) the injury to her pectoralis minor nerve until she saw the results of a February 2022 X-ray; and (3) her torn serratus muscle until 2023, which she asserts all fall within the three-year statute of limitations for medical malpractice claims. Zuo does not contend the trial court erred in denying her leave to further amend her complaint.

Select counters that Zuo's 2023 amended complaint is time-barred because she asserted that she felt pain during and after physical therapy in June 2019 and that those treatments caused her injuries. Select also reiterates its claims on demurrer that her amended complaint is deficient on the grounds that it does not state a cause of action and is uncertain. In addition, Select challenges Zuo's citations to medical records that do not

---

[4] On January 24, 2024, Zuo filed a motion to vacate the trial court's judgment, which the trial court subsequently denied. Zuo does not appeal the trial court's order denying her motion to vacate.

appear in the appellate record and contends that Zuo's claims on appeal are forfeited due to the absence of citations to the record in her briefing.

In reply, Zuo concedes that a cause of action based on her torn deltoid muscle is time-barred. However, she maintains the cause of action based on her other injuries was timely filed. She also contends that "[a]ll the medical evidence[] [she] referenced [] in [her] opening brief" had been "mentioned before the trial court" and is "not new medical evidence."

A. *Applicable Law*

1. Medical Malpractice and Statute of Limitations

" 'The elements of a cause of action for medical malpractice are: (1) a duty to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) a breach of the duty; (3) a proximate causal connection between the negligent conduct and the injury; and (4) resulting loss or damage.' " (*Lattimore v. Dickey* (2015) 239 Cal.App.4th 959, 968.)

In a cause of action for medical malpractice, the statute of limitations is "three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person." (§ 340.5.)

Injury is " ' "damage which has clearly surfaced and is noticeable." ' " (*Garabet*, *supra*, 151 Cal.App.4th at p. 1550.) "Once the damaging effect of the alleged wrongful act is apparent, the statute [of limitations] is activated. This event may occur even without the knowledge that negligence was the cause of the injury." (*Hills*, *supra*, 152 Cal.App.3d at p. 762, fn. omitted.)

"The three-year limitations period of section 340.5 provides an outer limit which terminates all malpractice liability and it commences to run when the patient is aware of the physical manifestation of her injury without regard to awareness of the negligent cause." (*Hills*, *supra*, 152 Cal.App.3d at p. 760.) Although the one-year from discovery rule could "delay accrual of a cause of action, a potential plaintiff who suspects that an injury has been wrongfully caused must conduct a reasonable investigation of all potential causes of that injury." (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 808 (*Fox*).) " 'The applicable principle has been expressed as follows: "when the plaintiff has notice or information of circumstances to put a reasonable person *on inquiry*, or *has the opportunity to obtain knowledge* from sources open to his investigation . . . the statute commences to run." ' " (*Enfield v. Hunt* (1984) 162 Cal.App.3d 302, 308 (*Enfield*).)

A medical malpractice cause of action is not timely if only one of the limitations requirements is met because the statute "requires that the action be brought within the limitation which 'occurs first.' " (*Hills*, *supra*, 152 Cal.App.3d at p. 758.) "To make it even more evident that a plaintiff must satisfy the requirements of both provisions, the statute further provides that '[i]n no event shall the time for commencement of legal action exceed three years.' " (*Ibid.*; *Moore v. State Bd. of Control* (2003) 112 Cal.App.4th 371, 382.) Thus, even if the discovery rule delays accrual of a cause of action, section 340.5 "provides that the time for commencing an action shall '[i]n no event' exceed three years unless 'tolled' on proof of fraud, intentional concealment, or the presence of a 'foreign body' in the injured person without therapeutic or diagnostic purpose." (*Russell v. Stanford University Hospital* (1997) 15 Cal.4th 783, 785.)

2. <u>Standard of Review and Principles of Appellate Review</u>

We review de novo an order sustaining a demurrer. (*Dominguez v. Bonta* (2022) 87 Cal.App.5th 389, 398.) When the trial court sustains a demurrer to an amended complaint, the appellate court may properly consider factual allegations in the prior

complaints, but " ' "[a] plaintiff may not discard factual allegations of a prior complaint, or avoid them by contradictory averments, in a superseding, amended pleading." ' " (*People ex rel. Gallegos v. Pacific Lumber Co.* (2008) 158 Cal.App.4th 950, 957 (*Gallegos*).)

" 'A demurrer based on a statute of limitations will not lie where the action may be, but is not necessarily, barred.  [Citation.]  In order for the bar of the statute of limitations to be raised by demurrer, the defect must clearly and affirmatively appear on the face of the complaint; it is not enough that the complaint shows that the action may be barred.' " (*Geneva Towers Ltd. Partnership v. City of San Francisco* (2003) 29 Cal.4th 769, 781 (*Geneva*); see also *Guardian North Bay, Inc. v. Superior Court* (2001) 94 Cal.App.4th 963, 971–972.)

Moreover, "it is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609, citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

"To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)  When an appellant asserts a point on appeal " 'but fails to support it with reasoned argument and citations to authority' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862) or fails to support it with appropriate record citations (*In re Marriage of Fink* (1979) 25 Cal.3d 877, 887 (*Fink*); Cal. Rules of Court, rule 8.204(a)(1)(C)),[5] this court may treat the point as forfeited.  We are not required to search the record for error ourselves (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246), and "[w]e are not bound to develop appellants'

---

[5] Unspecified rule references are to the California Rules of Court.

arguments for them." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 (*Falcone & Fyke*).)

Appellate courts "generally do not take judicial notice of evidence not presented to the trial court. Rather, normally 'when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered.' " (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3; *USLIFE Savings & Loan Assn. v. National Surety Corp.* (1981) 115 Cal.App.3d 336, 343 ["Facts, events, documents or other matters urged by a party which are not admitted into evidence cannot be included in the record on appeal. They are outside the scope of review."].)

Self-represented litigants are subject to the same rules as litigants who are represented by legal counsel. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; *Falcone & Fyke*, *supra*, 164 Cal.App.4th at p. 830.)

B. *Analysis*

1. <u>Noncompliant Briefing</u>

Zuo fails to support with citations to evidence in the record most of the factual assertions in her briefing. Her brief therefore does not comply with appellate court rules, which require parties to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Rule 8.204(a)(1)(C); see also *Fink*, *supra*, 25 Cal.3d at p. 887.)

Zuo does occasionally cite to medical records (including X-rays and MRI images and doctors', surgeon's, and physical therapists' notes) to support her claims regarding her injuries, and she asserts she "mentioned" this medical evidence before the trial court. Nonetheless, the record does not indicate that the trial court saw, admitted, or took judicial notice of any of the cited medical records. In addition, these medical records are not in the record before us. "[A] party's brief cannot make arguments that rely on facts either outside the record or improperly included within it; statements in the briefs based

9

on such matter are disregarded by an appellate court." (*Glassman v. Safeco Ins. Co. of America* (2023) 90 Cal.App.5th 1281, 1310.)

Nevertheless, given that the parties have briefed the issues before us, we exercise our discretion to disregard Zuo's noncompliance with the appellate briefing rules. (Rule 8.204(e)(2)(C).) We will address the merits of whether Zuo's complaint is barred by the statute of limitations but will not consider statements in Zuo's briefs not supported by facts properly included the record.

### 2. Statute of Limitations

To avoid being time-barred by the statute of limitations, Zuo was required to bring her cause of action for medical malpractice "on the *earlier* date of three years after [her] injury or one year after [she] discovered the injury."[6] (*Filosa v. Alagappan* (2020) 59 Cal.App.5th 772, 778 (*Filosa*).)

"An injury manifests," and the three-year limitations period starts, "when damage is 'evidenced in some significant fashion; when the damage has clearly surfaced and is noticeable.' " (*Filosa*, *supra*, 59 Cal.App.5th at p. 779.) "For purposes of the one-year period, *discovery* of the injury means the plaintiff has discovered 'both his or her injury and its negligent cause.' " (*Ibid.*, italics added.) In such a situation, the plaintiff " 'need not be aware of either the specific facts or the *actual* negligent cause of the injury. [Citation.] If the plaintiff has notice or information of circumstances that would put a reasonable person on inquiry notice, the limitation period is activated.' " (*Ibid.*, italics added.)

Although Zuo concedes that the statute of limitations has run on a cause of action based on her torn deltoid, she argues that she did not discover the torn supraspinatus muscle until she viewed the October 2020 MRI results or the dead pectoralis minor nerve until she viewed the February 2022 X-ray results. In addition, she felt her shoulder blade

---

[6] Zuo does not contend that any of the tolling provisions in section 340.5 apply here.

had tilted (it is not clear from the record when she discovered this injury), but she did not discover the torn serratus muscle resulting from the tilted shoulder blade until 2023. She further argues that she did not discover until August 2023 that the torn supraspinatus muscle was caused by physical therapy. She thus contends that her complaint was timely because it was filed within one to three years of her discovery of these injuries in X-ray and MRI images and within one year of her discovery of the cause of these injuries. Nevertheless, at least one of these contentions is based on medical records—the August 2023 MRI—that postdate Zuo's amended complaint and several others are based on medical records that are not in the record. Moreover, Zuo's complaint and amended complaint did not contain any of this information.

Regardless, it is apparent from the face of the complaint and amended complaint, as well as the record before us, that Zuo experienced pain and was aware of injury to her left shoulder area during and following physical therapy in June 2019. She was unaware only of the specific impacted nerves and muscles (other than her deltoid) and the precise type of injury sustained (e.g., tear, nerve damage). Zuo expressly stated that she felt pain during physical therapy at Select in June 2019 and knew that she suffered a deltoid injury as a result. "That is sufficient to trigger the three-year period provided for in section 340.5." (*McNall*, *supra*, 25 Cal.App.4th at p. 1310.)

In addition, the pain Zuo experienced while doing the physical therapy exercises put her on notice that something was wrong and deserving of further inquiry. (See *Enfield*, *supra*, 162 Cal.App.3d at p. 308.) The statute of limitations requires she then "conduct a reasonable investigation of all potential causes of that injury." (*Fox*, *supra*, 35 Cal.4th at p. 808; *Hills*, *supra*, 152 Cal.App.3d at p. 760.)

Indeed, Zuo's subsequent actions—seeking further X-rays and MRIs and conducting Internet research—show that she was concerned about the pain she continued to suffer. But there is nothing in her complaint and amended complaint to suggest that she took such further steps until almost three years after physical therapy, when she

11

underwent an X-ray in February 2022 and an MRI in May 2022.[7]  "[T]here is no medical evidence before the court establishing that a determination of malpractice could not have been made sooner."  (*Enfield*, *supra*, 162 Cal.App.3d at p. 309.)

Zuo also stated in her original complaint that she delayed bringing the cause of action because she had been waiting for the result of her worker's compensation claim and had hoped her former employer and/or the insurance company would cover the costs associated with her injuries.  Because they "still refuse[d] to compensate" her "[a]fter more than [three] years['] effort," she brought the medical malpractice cause of action against Select.  Although Zuo later claimed in her amended complaint that her delay in filing was because she did not discover until 2022 that physical therapy caused further injuries (and not because of the lack of workers' compensation), she " ' "may not discard factual allegations of a prior complaint," ' " or avoid her earlier assertion by making " ' "contradictory averments [] in a superseding, amended pleading." ' " (*Gallegos*, *supra*, 158 Cal.App.4th at p. 957.)

Ultimately, "[i]rrespective of the one-year provision of section 340.5, its three-year provision 'provides an outer limit which terminates all malpractice liability and it commences to run when the patient is aware of the physical manifestations of her injury *without regard to awareness of the negligent cause*.' " (*Artal v. Allen* (2003) 111 Cal.App.4th 273, 282.)  Thus, even if Zuo had brought her action within one year of reasonable discovery, the fact that she did not " ' " 'discover' the negligent cause of her injury until more than three years after she first experience[d] harm from the injury" ' " means that her medical malpractice cause of action is nevertheless time-barred because she brought it after the three-year limitation had passed.  (*McNall*, *supra*, 25 Cal.App.4th at p. 1308; *Hills*, *supra*, 152 Cal.App.3d at p. 758.)

---

[7] Nor does the record suggest that she took any further steps until over six months after physical therapy, when she first underwent a further MRI scan in February 2020.

Although we are sympathetic to Zuo's description of ongoing pain for which she has not received compensation, it is clear from the face of the amended complaint that she suffered appreciable harm during and after physical therapy in June 2019.  (See *Geneva*, *supra*, 29 Cal.4th at p. 781.)  Thus, her cause of action for medical malpractice is time-barred because the statute of limitations has run.[8]  (*Filosa*, *supra*, 59 Cal.App.5th at p. 779.)

Zuo does not make any assertion that she could amend her complaint to "cure[]" the "defect" that renders her cause of action time-barred, nor do we believe she could do so without impermissibly making " ' "contradictory averments." ' " (*Gallegos*, *supra*, 158 Cal.App.4th at p. 957.)  Further, where a cause of action is time-barred pursuant to the applicable statute of limitations, it is not proper to grant leave to amend.  (*Save Lafayette Trees*, *supra*, 32 Cal.App.5th at p. 154.)

We decide the trial court did not err in sustaining the demurrer without leave to amend.

### III.  DISPOSITION

The judgment is affirmed.  In the interests of justice, the parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

---

[8] Because we determine that Zuo's action is time-barred, we need not address Select's claims that her complaint fails to state a cause of action and is uncertain.

_____
                                 Danner, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P. J.

_____
Wilson, J.

**H051913**
***Zuo v. Select Cal Physical Therapy, P.C.***