Filed 8/7/19; Certified for Publication 9/3/19 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| SHIRLI FABBRI WEISS, as Trustee, etc., | D074370 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2017-00034936-CU-WM-CTL) |
| CITY OF DEL MAR, | |
| Defendant and Respondent; | |
| TORREY PACIFIC CORPORATION, | |
| Real Party in Interest and Respondent. | |


APPEAL from a judgment of the Superior Court of San Diego County, Randa Trapp, Judge. Affirmed.

Karcher Harmes and Kathryn E. Karcher for Plaintiff and Appellant.

Devaney Pate Morris & Cameron, William C. Pate, Barry J. Schultz and Lesley A. Riis for Defendant and Respondent.

Latham & Watkins, Christopher W. Garrett, Jennifer K. Roy and Samantha K. Seikkula for Real Party in Interest and Respondent.

Shirli Weiss, as trustee for her trust, applied under a local scenic view ordinance to compel a neighboring property owner to trim and maintain its landscaping. After the city denied her application, Weiss petitioned for an administrative writ of mandate in the superior court. (Code Civ. Proc., § 1094.5.) The court dismissed the action because Weiss served the summons on the city more than 90 days after it denied her application. (Gov. Code, § 65009, subd. (c)(1)(E)).[1] On appeal, Weiss challenges the applicability of section 65009. We affirm.

OVERVIEW

The City of Del Mar (City) has a scenic view ordinance providing relief under certain circumstances for property owners whose views have become unreasonably obstructed by vegetation on nearby property. The City designates its planning commission to consider and rule on scenic view applications, and provides applicants with the right to appeal planning commission decisions to the city council.

In August 2016, Weiss applied under the scenic view ordinance for a determination that a neighboring property owner, Torrey Pacific Corporation (Torrey Pacific), had unreasonably obstructed her ocean views and was required to periodically trim its vegetation to restore and/or preserve her views. After a public hearing, the planning commission denied Weiss's application. The city council denied Weiss's appeal on July 17, 2017.

---

[1] All unspecified statutory references are to the Government Code.

On September 19, 2017, Weiss petitioned for a writ of administrative mandate in the superior court, challenging the City's denial of her scenic view application and naming the City as respondent and Torrey Pacific as real party in interest (collectively respondents). Weiss waited until December 19, 2017 to serve the City with the petition.

Respondents jointly moved to dismiss the petition on the ground the service on the City was untimely under the 90-day service rule set forth in section 65009, subdivision (c)(1)(E). The court granted the motion, finding it was "undisputed that [Weiss] did not comply" with this statutory deadline.

On appeal, Weiss acknowledges she served her petition on the City more than 90 days after the city council denied her appeal, but contends section 65009, subdivision (c)(1)(E)'s 90-day deadline does not govern her action. We reject this contention and affirm.

FACTUAL AND PROCEDURAL SUMMARY

We base our factual summary on Weiss's petition and matters that are properly judicially noticed.[2] (See *Royalty Carpet Mills, Inc. v. City of Irvine* (2005) 125 Cal.App.4th 1110, 1115 (*Royalty Carpet*).) To resolve the appellate issues, it is helpful to understand the nature of the City's scenic view ordinance. We thus begin with a summary of this ordinance.

---

[2]    As explained in the Discussion part III, we deny the parties' motions for judicial notice of materials not submitted in the court below.

3

*Scenic View Ordinance*

The City's Municipal Code contains a lengthy chapter titled "Trees, Scenic Views and Sunlight Ordinance" (Scenic View ordinance), located in Title 23 ("Building Construction"). (Del Mar Mun. Code, § 23.51.)[3] The purpose of this ordinance is to "acknowledge the benefits derived from Trees, Scenic Views and plentiful Sunlight and to balance the goal of maintaining each of them when possible," and to provide individuals with the right to "restore Scenic Views . . . that [have] been unreasonably obstructed by the growth and/or installation of Trees and Vegetation." (Mun. Code, § 23.51.010, subd. E.)

To implement these goals, the ordinance states: "A person shall have the right to seek restoration and preservation of Scenic Views or Sunlight that existed at the time they purchased or occupied a property or in the last ten years, whichever is shorter, when such Scenic Views from the Primary Living Area . . . have subsequently been unreasonably obstructed by the growth of Trees or Vegetation located within . . . 300 feet of the Applicant's property boundary." (Mun. Code, § 23.51.030.) The ordinance sets forth a detailed process by which a scenic view application is submitted and evaluated. (Mun. Code, § 23.51.040.) The application must be filed with the Planning and Community Development Department, and the parties are encouraged to make reasonable efforts to resolve the dispute. (*Ibid.*) If the dispute is not resolved, the City's planning commission

---

3     All further references to Municipal Code are to the Del Mar Municipal Code.

must conduct a noticed public hearing on the application. (Mun. Code, § 23.51.040, subds. C.-F.)

The planning commission must base its determination on specified factors pertaining to whether a view has been obstructed and the extent to which restorative action is appropriate. (Mun. Code, §§ 23.51.040, subd. G., 23.51.050, 23.51.060.) An action approving an application is set forth in a "Resolution" accompanied by conditions identifying the specific manner in which the landscaping is to be "trimmed, pruned, removed or otherwise altered." (Mun. Code, § 23.51.040, subd. G.) The planning commission may require the conditions to be recorded "in a covenant against the deed for the property on which the [landscaping] is located" and that the "covenant shall run with the land to help guarantee permanent preservation of pre-existing Scenic Views . . . ." (Mun. Code, § 23.51.040, subd. H.) The applicant is generally required to bear the costs of the restorative work, unless the planning commission determines the landscaping constitutes a hazard and is being maintained by the owner in disregard for the safety of others. (Mun. Code, § 23.51.080.)

The planning commission's decision may be appealed to the city council. (Mun. Code, §§ 23.51.100, 1.12.010.) Challenges to the City's decisions are subject to judicial review under Code of Civil Procedure sections 1094.5 and 1094.6. (Mun. Code, § 23.51.100.)

## B. *Underlying Dispute*[4]

In 2014, Weiss purchased her Del Mar condominium. At the time, Weiss had a white water ocean view, and this view was a material factor in her decision to purchase the property. About two years later, this view was obstructed by "wildly overgrown" trees and other vegetation on Torrey Pacific's property.

In August 2016, Weiss filed an application under the Scenic View ordinance, seeking restoration and preservation of her white water views. In April 2017, the planning commission held a hearing. At the hearing, Weiss acknowledged that Torrey Pacific had recently trimmed the trees restoring her original view, but she argued she was entitled to a determination that Torrey Pacific must comply with a "Preservation Plan of periodic trimming of the Vegetation . . . at her expense, four times a year, to heights and widths that existed at the time of her occupancy."

A divided planning commission denied her application. Shortly after, Weiss filed an appeal with the city council. The city council agreed to consider the matter de novo, and conducted a hearing on July 17, 2017. At the hearing, the city council split 2-2 on whether Weiss's view had been unreasonably obstructed. Under City rules, this decision reinstated the planning commission's decision.

---

4    In their joint respondents' brief, the City and Torrey Pacific include facts from a declaration that was ruled inadmissible by the trial court. Respondents do not challenge this ruling on appeal. We thus disregard these portions of respondents' appellate brief.

On September 19, 2017, Weiss filed a superior court petition for a writ of administrative mandamus against respondents. (Code Civ. Proc., § 1094.5.) Weiss claimed that in denying her Scenic View ordinance application, the City "failed to grant [her] a fair trial," acted contrary to the law, and committed prejudicial abuse of discretion. She sought an order compelling the City to issue a new resolution granting her application and/or to conduct a new hearing.

Respondents jointly moved to dismiss the petition on the ground that the petition was subject to mandatory dismissal under section 65009, which imposes a 90-day filing and service requirement for actions challenging certain land use and planning decisions. (§ 65009, subds. (c), (e).) They presented evidence that the City was not served with the petition and summons until December 13, 2017, more than 90 days after the city council denied her appeal on July 17, 2017.

Respondents also submitted the declaration of Torrey Pacific's representative, Brian Staver, who described his version of the facts regarding the view/tree dispute, and attached various documents pertaining to the history of the dispute. Respondents also asked the court to take judicial notice of a legislative history document stating that section 65009 was amended in 1987 to clarify that the statute does not pertain only to "housing projects" and also applies "to developments in general."

In opposing the motion to dismiss, Weiss argued section 65009 is inapplicable because the statute's 90-day service deadline governs only certain local zoning or

planning decisions that do not encompass determinations under the Scenic View ordinance. Weiss did not oppose the judicial notice motion, but objected to Staver's declaration as irrelevant and inadmissible.

## Trial Court's Ruling

After a hearing, the court ruled in respondents' favor. The court first sustained Weiss's objections to the Staver declaration and granted respondents' motion for judicial notice of the 1987 legislative history document. The court then found that section 65009, subdivision (c)(1)(E)'s 90-day service deadline applies to challenges to Scenic View ordinance determinations, and noted it was undisputed Weiss did not serve the writ petition on the City within the required 90-day period. The court thus found that dismissal was mandatory. (See § 65009, subd. (e).)

## DISCUSSION

### I. *Review Standards*

This appeal turns on the proper interpretation of section 65009, and incorporated statutes, as applied to the alleged facts. In considering the parties' competing statutory interpretations, " ' "[o]ur fundamental task . . . " ' . . . ' "is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute." ' " (*People v. Pennington* (2017) 3 Cal.5th 786, 795.) We focus first on " 'the statute's actual words, the "most reliable indicator" of legislative intent, "assigning them their usual and ordinary meanings . . . ." ' " (*Ibid.*) We view the statutory language in context, and do not determine its meaning " 'from a single word or sentence.' " (*Ibid.*) "[A]pparent 'ambiguities often may

8

be resolved by examining the context in which the language appears and adopting the construction which best serves to harmonize the statute internally and with related statutes . . . .' " (*Ibid.*)

If the statutory text "is unambiguous and provides a clear answer, we need go no further." (*Microsoft Corp. v. Franchise Tax Bd.* (2006) 39 Cal.4th 750, 758; see *Stockton Citizens for Sensible Planning v. City of Stockton* (2012) 210 Cal.App.4th 1484, 1491 (*Stockton*).) However, if the statutory language is unclear, a court may resort to other interpretive aids, including the statute's legislative history and " ' "the wider historical circumstances of its enactment." ' " (*Carmack v. Reynolds* (2017) 2 Cal.5th 844, 850.) Courts may also consider the purpose of the statute, the evils to be remedied, and the public policy sought to be achieved. (*Fluor Corp. v. Superior Court* (2015) 61 Cal.4th 1175, 1198; see *City of San Jose v. Superior Court* (2017) 2 Cal.5th 608, 616-617.) We independently review a trial court's statutory interpretation. (*1305 Ingraham, LLC v. City of Los Angeles* (2019) 32 Cal.App.5th 1253, 1259.)[5]

## II. *Section 65009*

Section 65009 is located in division 1 (Planning and Zoning) of title 7 (Planning and Land Use) of the Government Code. It is a lengthy statute with several subdivisions.

Subdivision (a) identifies the legislative intent underlying the statute:

---

5    Respondents contend we must defer to the City's interpretation because courts defer to a locality's construction of its own rules. (See *Eskeland v. City of Del Mar* (2014) 224 Cal.App.4th 936, 946.) This principle is inapplicable here because the legal issue involves primarily the interpretation of a state statute, not the construction of a city ordinance.

"(1) The Legislature finds and declares that there currently is a housing crisis in California and it is essential to reduce delays and restraints upon expeditiously completing housing projects. [¶] (2) The Legislature further finds and declares that a legal action or proceeding challenging a decision of a city, county, or city and county has a chilling effect on the confidence with which property owners and local governments can proceed with projects. Legal actions or proceedings filed to attack, review, set aside, void, or annul a decision of a city, county, or city and county pursuant to this division, including, but not limited to, the implementation of general plan goals and policies that provide incentives for affordable housing, open-space and recreational opportunities, and other related public benefits, can prevent the completion of needed developments even though the projects have received required governmental approvals. [¶] (3) The purpose of this section is to provide certainty for property owners and local governments regarding decisions made pursuant to this division." (§ 65009, subd. (a).)

To effectuate this intent, section 65009, subdivision (b) requires all challenges to public agency decisions "pursuant to this title" be raised at the time of the administrative hearing, and section 65009, subdivision (c) establishes a short limitations period, applicable to both the filing and service of covered challenges. A challenger must file *and* serve the public entity within 90 days of the challenged decision. (§ 65009, subd. (c).)

The service deadline is of particular importance to achieving the statutory objectives because " '[r]equiring an aggrieved citizen to file an action within 90 days but permitting him or her to withhold service for months or even years would effectively suspend the effective date of local land use and development decisions and leave such matters at the mercy of the complainant.' " (*Honig v. San Francisco Planning Department* (2005) 127 Cal.App.4th 520, 526 (*Honig*).) Under section 65009,

10

subdivision (e), after expiration of the filing and service limitations period, "all persons are barred from any further action or proceeding." There are no exceptions. (See *Travis v. County of Santa Cruz* (2004) 33 Cal.4th 757, 767-768 (*Travis*); *Royalty Carpets*, *supra*, 125 Cal.App.4th at p. 1125.)

On the scope of the 90-day rule, section 65009, subdivision (c)(1) provides: "[With an exception not applicable here], no action or proceeding shall be maintained *in any of the following cases* by any person unless the action or proceeding is commenced and service is made on the legislative body within 90 days after the legislative body's decision . . . ." (Italics added.) The code section then lists six types of cases in subparagraphs (A) through (F). (§ 65009, subd. (c); see *Travis*, *supra*, 33 Cal.4th at pp. 765-766.) The first four subparagraphs identify challenges to the legislative adoption/amendment of a general or specific plan, zoning ordinance, regulation attached to a specific plan, or a development agreement. (§ 65009, subd. (c)(1)(A), (B), (C), (D).) The sixth concerns actions "done, or made prior to any of" these decisions. (§ 65009, subd. (c)(1)(F).)

The remaining (fifth) subparagraph, section 65009, subdivision (c)(1)(E), applies the 90-day deadline to actions that "*attack, review, set aside, void, or annul any decision on the matters listed in Sections 65901 and 65903*, or to determine the reasonableness, legality, or validity of any condition attached to a variance, conditional use permit, or any other permit." (Italics added.)

Respondents base their timeliness argument on this subparagraph (E). (§ 65009, subd. (c)(1)(E).) Respondents do not suggest that Weiss's action comes within the second part of this subparagraph ("or to determine the reasonableness, legality, or validity of any condition . . ."), and instead rely solely on the "matters listed" prong (italicized above) that incorporates two zoning-related statutes, section 65901 and section 65903.

Section 65901, subdivision (a) states:

> "The board of zoning adjustment or zoning administrator shall hear and decide applications for conditional uses or other permits when the zoning ordinance provides therefor and establishes criteria for determining those matters, and applications for variances from the terms of the zoning ordinance. The board of zoning adjustment or the zoning administrator may also exercise any other powers granted by local ordinance, and may adopt all rules and procedures necessary or convenient for the conduct of the board's or administrator's business."[6]

Section 65903 provides, in part: "A board of appeals, if one has been created and established by local ordinance, shall hear and determine appeals from the decisions of the board of zoning adjustment or the zoning administrator, as the case may be."

On our analysis of these statutes, we agree with respondents' position. Under section 65009, subdivision (c)(E)(1), the 90-day rule applies to "any decision on the matters listed" in section 65901, and one of the "matters listed" in section 65901 is a zoning board or zoning administrator's decision on "conditional uses or other permits" or variance applications, *or* its "exercise [of] any other powers granted by local ordinance." (§ 65901, subd. (a); see *Stockton, supra,* 210 Cal.App.4th at pp. 1492-1493.) The

---

[6] Section 65901, subdivision (b) identifies certain zoning variances that may be granted without a public hearing.

planning commission's ruling under the authority of the Scenic View ordinance was an exercise of its "powers granted by local ordinance" on a land use/zoning issue.

The fact the planning commission, rather than a "zoning board," exercised this power does not remove the statute's applicability because the planning commission was functionally acting in a zoning board capacity when ruling on Weiss's application. The Legislature specifically provided that if a locality does not create a zoning board, the planning commission shall "exercise all of the functions and duties of said board." (§ 65902.) Consistent with this statute, the City gave its planning commission the authority to rule on a broad scope of land use matters including those arising from the City's zoning ordinance (Title 30) and those under the Scenic View ordinance (Title 23, ch. 51).

Weiss recognizes that a planning commission can act as a zoning board under section 65901, but contends the City's ruling on her application does not come within this code section because the statute pertains to zoning determinations and the Scenic View ordinance is not a zoning ordinance. In support, she notes the Scenic View ordinance is not found in the Municipal Code's "Zoning" title, which contains the City's zoning rules and regulations.

Given the substance and purpose of the Scenic View ordinance, the location of the ordinance within the Municipal Code is not controlling. Under the ordinance terms, the City undertakes zoning and planning responsibilities when making decisions under the Scenic View ordinance. Determinations on whether a property owner is entitled to a

13

view easement and whether another property owner must eliminate or trim certain landscaping from his or her private property are, by definition, public decisions as to how a private property owner may use his or her land. The City's ruling on Weiss's application reflected its denial of a view easement right that would have benefited one property to the burden of another property. This is quintessentially a public entity decision involving the regulation and management of property, i.e., a land use and zoning determination. (See *Save Lafayette Trees v. City of Lafayette* (2019) 32 Cal.App.5th 148, 155-156 (*Save Lafayette*) ["tree ordinance is a zoning ordinance"].)

We recognize the Scenic View ordinance is not a traditional zoning law, which generally involves the designation of property use in specific geographic zones and exceptions to those designations through conditional permits and variances. (See *Gonzalez v. County of Tulare* (1998) 65 Cal.App.4th 777, 784-785 (*Gonzalez*).) But section 65901's "any other powers" clause broadly encompasses a public entity's determinations on a range of issues outside of these categories. (§ 65901, subd. (a).) The stated purposes of the City's zoning and Scenic View ordinances are essentially identical. The zoning ordinance seeks "to regulate the use of real property and the buildings, structures, and improvements located thereon so as to protect, promote, and enhance the public safety, health, and welfare." (Mun. Code, § 30.01.010.) The Scenic View ordinance likewise seeks to regulate the use of property as it relates to views and landscaping to promote "the overall quality of life enjoyed by residents, property owners, and visitors . . . ." (§ 23.51.010, subd. A.) The planning commission decisions under

14

both ordinances trigger the 90-day limitations rule under sections 65009 and 65901, subdivision (a).

Weiss alternatively contends sections 65009, subdivision (c)(1)(E) and 65901 are inapplicable to this case because they apply only to planning or zoning decisions on a "project" or "development." In support, she directs us to the stated purpose of the code section, which was to "provide certainty regarding decisions made *pursuant to this division*" so that owners and local governments can "*proceed with projects*." (Italics added.) She thus argues that, "If a decision does not affect a *current project or development*, then the statute's purpose and its threshold requirement are unmet."

Weiss is asking this court to add words to the substantive portions of the statute. The Legislature identified the six categories of actions that are subject to the 90-day rule, and it did not state or suggest that the subparagraph (E) actions must be to a "project" or a "development" to be governed by the rule. (§ 65009, subd. (c)(1).) If it had intended this limitation, it could have said so. A general statement of statutory purpose does not override the substantive portion of a statute where, as here, that statutory language is clear and unambiguous. (See *People v. Arendtsz* (2016) 247 Cal.App.4th 613, 618-619; see also *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1118; *Rodriguez v. United States* (1987) 480 U.S. 522, 525-526.) "We cannot rewrite [a statute] to conform to [an appellant's] notion of what the Legislature would want it to say" to better achieve the express statutory purpose. (*Arendtsz,* at p. 619.)

15

Section 65009, subdivision (c)(1)(E) provides that the 90-day filing/service rule applies to actions that "attack, review, set aside, void, or annul *any decision* on the matters listed in Section 65901." (Italics added.) Section 65901, subdivision (a) identifies a zoning board's decisions on "conditional uses or other permits" or "variances," or the board's "exercise [of] any other powers granted by local ordinance." (Italics added.) This broad "any decision" and "any other powers" language cannot be reasonably construed to support Weiss's proposed interpretation that the statutory coverage is limited to decisions on an "existing" or a "current" project or development.

Weiss argues that "[c]ases consistently state that section 65009 applies *only to* planning and zoning decisions regarding projects or developments . . . ." (Italics added.) This assertion is unsupported. It is true that most courts interpreting section 65009, subdivision (c)(1)(E) and section 65901 have done so in the context of a challenge to the application of a zoning ordinance to a particular project or development. (See, e.g., *Okasaki v. City of Elk Grove* (2012) 203 Cal.App.4th 1043, 1046-1047 (*Okasaki*) [challenge to variance issued to property owners to build pool within setback]; *Aids Healthcare Foundation, Inc. v. City and County of San Francisco* (2016) 208 F.Supp.3d 1095, 1100-1102 [denial of conditional use application for proposed building project]; *Honig, supra*, 127 Cal.App.4th at pp. 523-524 [challenge to zoning variance decision underlying building permit authorizing expansion of home]; *Stockton, supra,* 210 Cal.App.4th at pp. 1488-1490 [approval of retail store construction in master planned development].) But Weiss has not cited, nor has our independent research disclosed, any

16

authority supporting that section 65009 is triggered *only* when a specific project or development is challenged. Although Weiss cites to decisional language that appears to support her position, none of these courts addressed the issue before us. "It is axiomatic that cases are not authority for propositions that are not considered." (*California Building Industry Assn. v. State Water Resources Control Bd.* (2018) 4 Cal.5th 1032, 1043.)

Weiss's reliance on *Stockton*, *supra*, 210 Cal.App.4th 1484 is misplaced. In *Stockton,* the plaintiffs sought to invalidate the approval by the city's community development department director (Director) for the construction of a retail store, arguing the approval violated planning and zoning ordinances. (*Id.* at pp. 1487-1490.) The reviewing court upheld the dismissal of the action based on its conclusion the petition was not timely served, reasoning that sections 65009, subdivision (c)(1)(E) and 65901 applied to the challenged action. (*Stockton*, at pp. 1487, 1491.) In so ruling, the court noted the city had vested the Director "with the authority to review development projects 'in compliance with' section 65901," and found there was "no question the Director was exercising 'powers granted by local ordinance' when he approved the [store] construction" because the ordinance gave the Director the authority to approve changes to development and implementing plans. (*Stockton,* at pp. 1492, 1493.) The court also rejected the argument that the 90-day limitations period applies only to the decisions of a legislative body, explaining that reading the statutory language "as a whole," the

Legislature did not intend to exclude decisions by zoning boards or administrators. (*Id.* at p. 1495.)

Although *Stockton* in many ways is an easier case because the challenged local determination was made by an official who had been expressly designated as the zoning administrator to rule on matters identified in section 65901, the *Stockton* court did not establish minimum criteria for the statute's applicability. Further, the *Stockton* court rejected the notion that section 65009, subdivision (c)(1)(E) is limited to challenges concerning " 'agency action on variances and permits' " (*Stockton*, 210 Cal.App.4th at p. 1494) (referred to in the first sentence of § 65901, subd. (a)), and held the 90-day rule applies also to the exercise of " 'any other powers granted by local ordinance' " as set forth in the second sentence of section 65901, subdivision (a). (*Stockton*, at pp. 1492-1493.) We conclude similarly in this case.

Weiss argues that this statutory construction means any decision by the City's planning commission, regardless whether the decision involves a land use issue, would trigger the 90-day statute. This argument is not supported and ignores the statutory language. The "other matters" portion of section 65009, subdivision (c)(1)(E) specifically incorporates section 65901, which concerns a limited subject matter: zoning and similar land use determinations made by a governmental entity under the authority of a local ordinance. The types of hypothetical planning commission decisions posited by Weiss ("decisions on the proper number of trash cans in Del Mar" and "guidelines for space heaters and permits for conventional refrigeration") are distinguishable and do not

18

suggest the statute would apply to any planning commission decision regardless of its connection to land use and zoning.

Weiss also argues that section 65009 is inapplicable because there is no urgency to resolving the view dispute, unlike challenges to proposed projects or developments. The argument is unpersuasive. First, the statutory language does not support that the particular urgency in each case must be analyzed before the statute is triggered. Although the importance of moving forward on new projects or developments was a central purpose of the statute, the statute does not say that a court must consider the need for an immediate determination each time it applies the statute. Moreover, it is reasonable to conclude the Legislature intended that an issue concerning tree removal or maintenance should be resolved in a prompt manner, and that the challenger should not have the right to delay the resolution by waiting to serve the complaint on the public entity. The Legislature's goal in enacting section 65009 was to provide "certainty for property owners and local governments and to alleviate the chilling effect created by potential legal challenges." (*Okasaki*, *supra*, 203 Cal.App.4th at p. 1048.) This goal applies here.

Finally, to the extent Weiss relies on Code of Civil Procedure section 1094.6 to argue the 90-day rule is inapplicable, the argument is unavailing. The Scenic View ordinance identifies Code of Civil Procedure section 1094.6 as the statute applicable to judicial challenges to the City's determinations. (Mun. Code, § 23.51.100.) But this code section addresses only a filing deadline, and is "silent about the time within which such a

19

filed petition must be served." (*Gonzalez, supra*, 65 Cal.App.4th at p. 792.) Thus, there is no inconsistency. Moreover, local ordinances are preempted if they purport to provide greater limitations periods than a state statute. (See *Save Lafayette, supra*, 32 Cal.App.5th at pp. 157-158.) As other courts have held, section 65009 provides the applicable deadline for service, even when Code of Civil Procedure section 1094.6 also applies. (*Lafayette,* at pp. 157-158; *Gonzalez,* at p. 792; *Okasaki, supra,* 203 Cal.App.4th at p. 1049.)

### III. *Judicial Notice Motions*

Respondents request that we take judicial notice of the City's public hearing notice on Weiss's Scenic View application (public notice document). Weiss opposes the motion, arguing this document was never presented to the superior court. We deny the motion.

Generally, reviewing courts do not take judicial notice of facts not presented to the trial court. Rather, "normally 'when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered.' " (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.) No exceptional circumstances exist to depart from the general rule, and the equities do not favor our consideration of this new evidence. The record shows respondents were aware of this notice document when they brought their motion to dismiss but made a decision not to request the court to consider the document. There are also factual questions pertaining to the document's preparation and distribution, and thus

20

it would not be proper to consider this document as a matter of first impression on the purely legal issue before us.[7]

Weiss argues that *if* we take judicial notice of the public notice document, we should take judicial notice of various documents relating to her Scenic View ordinance application because these documents explain and/or place into context the public notice document. Because we have not taken judicial notice of respondents' document, we deny Weiss's conditional judicial notice request.

DISPOSITION

Judgment affirmed. The parties are to bear their own costs on appeal.

HALLER, J.

WE CONCUR:

BENKE, Acting P. J.

AARON, J.

---

[7]     Based on our denial, we do not consider a statement in the public notice document that the City considers the matter to be governed by section 65009. Further, even if we were to consider this statement, the issue here is whether the deadlines in section 65009, subdivision (c) apply, not whether other provisions in the statute apply, such as the need to preserve all issues by raising them at the administrative hearing.

Filed 9/3/19

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SHIRLI FABBRI WEISS, as Trustee etc.,<br><br>     Plaintiff and Appellant,<br><br>     v.<br><br>CITY OF DEL MAR,<br><br>     Defendant and Respondent;<br><br>TORREY PACIFIC CORPORATION,<br><br>     Real Party in Interest and Respondent. | D074370<br><br><br><br>(Super. Ct. No.<br> 37-2017-00034936-CU-WM-CTL)<br><br><br>ORDER CERTIFYING OPINION<br>FOR PUBLICATION |

THE COURT:

The opinion in this case filed August 7, 2019, was not certified for publication.  It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to rule 8.1120(a) for publication is granted.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page one of said opinion be deleted and the opinion herein be published in the Official Reports.

BENKE, Acting P. J.

Copies to:  All parties